(14 Misc. Rep. 597.)

### HECHT v. HECHT.

(Common Pleas of New York City and County, General Term. December 16, 1895.)

SEPARATION—ALIMONY—PLEADING—CONTEMPT.

> A complaint for separation need not ask for alimony to warrant its allowance; and therefore, though it is not asked for, defendant may be punished for contempt for failing to pay it as allowed by the decree.

Appeal from special term.

Action by Marie A. Hecht against Joseph M. Hecht. From an order denying a motion to punish defendant for contempt of court in not paying alimony, as directed by the final judgment, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Henry Schmitt, for appellant.

William H. Klinker, for respondent.

BOOKSTAVER, J. The summons and complaint were served upon the defendant, and judgment was taken by default on his fail-

ure to appear or answer. The complaint demanded judgment for a separation from the bed and board of the defendant, and that the custody of the children be awarded to the plaintiff, and for the costs of the action. The judgment and decree entered provided for the payment of alimony. None was demanded in the complaint. The motion to punish the defendant for contempt for failing to pay the alimony adjudged was denied, upon the ground that the judgment awarding it was unauthorized, under Code, Civ. Proc. § 1207, as it was beyond the relief demanded in the complaint. The demand for alimony, however, is not an essential part of the cause of action. As described by Bishop, it is merely an "appendage" of the action (section 351, 6th Ed.); or, where it enters into the final decree, it is "a mere incident of the judgment." Forrest v. Forrest, 25 N. Y. 501. It need not be fixed when the judgment dissolving the marriage is entered, providing the right to have it subsequently determined is reserved in the judgment. The plaintiff may omit from the complaint all reference to alimony, and not thereby prejudice her right to claim it if she succeeds in the action, providing she asserts her demand for it before the entry of judgment. "In fact, the orderly conduct of the cause would require the delictum of the husband to be first established by the verdict of the jury or the finding of the court or referee before an inquiry into the allowance for alimony could be properly entered upon." Galusha v. Galusha, 138 N. Y. 272, 281, 33 N. E. 1062. Such was the practice approved by the chancellor in Cooledge v. Cooledge, 1 Barb. Ch. 77.

In Park v. Park, 18 Hun, 466, affirmed 80 N. Y. 156, it was urged that the judgment should have contained no award of final alimony, because no notice of the application had been served on the defendant. It was held that inasmuch as the defendant was sued by service of the summons alone, and neglected to appear, he was not entitled to any further notice. The court there asserts that the only restriction is that the judgment cannot exceed that which is demanded in the complaint. In affirming this judgment, the court of appeals says:

"The objection that the court had no jurisdiction to decree alimony because no complaint demanding alimony was served is not well taken. * * * Service of a copy of the decree was sufficient; and, as it does not appear that the judgment exceeded the demands of the complaint, no injustice was done."

As before shown, it is not necessary to demand alimony in the complaint, as it is a mere incident of the judgment; and, as such, we think the complaint for a separation was sufficient notice to the defendant that a demand for alimony would be made. The defendant, having defaulted, was not entitled to notice of any further proceedings in the action. The final decree was served upon him, giving him notice thereof. The defendant now claims he is unable to pay the alimony awarded. This may be presented for consideration at a rehearing of the motion at special term.

The order of the special term should be reversed, and a rehearing on the merits allowed, with costs and disbursements of appeal to the plaintiff. All concur.