(55 Misc. Rep. 403.)

### BOWE v. BOWE.

(Supreme Court, Special Term, New York County. July, 1907.)

DIVORCE—FINDINGS OF REFEREE—ISSUES.

In an action for absolute divorce for adultery, where the issues raised were whether plaintiff was entitled to the same and whether he had condoned the fault, and no evidence is given on the question of condonation, and the referee finds ground for divorce and also collusion between the parties, as to which no issue was raised by the pleadings, and as a conclusion of law that the complaint should be dismissed for such collusion, his findings on the only issues referred to him entitle plaintiff to a decree.

Action by Michael A. Bowe against Stella Bowe for divorce. Motion for judgment granted.

Arthur Johns, for plaintiff.
Frederick E. Goldsmith, for defendant.

BISCHOFF, J. The plaintiff, the husband, brought this action to obtain an absolute divorce from his wife, the defendant, and the issues raised by the pleadings were whether the adultery was committed as alleged in the complaint and whether the plaintiff had condoned the fault. Upon the consent of the parties the issues were referred to a referee to hear and determine, pursuant to sections 1228 and 1229 of the Code of Civil Procedure, and the referee has made his report, wherein he finds that the adultery was committed. No evidence was offered, as appears from the record, upon the question of condonation, and the referee's report contains no finding upon the subject; but, notwithstanding the finding of the fact of adultery and of the jurisdictional fact of the marriage of the parties, the referee has found in the form of conclusions of law that the complaint should be dismissed upon the ground that there was collusion between the parties for the purpose of procuring a decree of divorce, the recommendation for a dismissal of the complaint being based in turn upon a finding of collusion as a fact. Upon an earlier motion, instituted by the defendant for judgment for the dismissal of the complaint in accordance with the recommendation of the referee, I expressed my view to be that the referee's finding of collusion was advisory merely, that it was not supported by the proof before him, and that, so far as the issues were referred to him for determination, his finding upon those issues operated to entitle the plaintiff to a decree of divorce. Bowe v. Bowe, N. Y. Law J., June 11, 1907, p. 1073. The present application on behalf of the plaintiff for an interlocutory decree of divorce follows my determination of the defendant's motion.

It is insisted for the defendant, that the referee's finding of collusion and his further finding in the form of a conclusion of law that the complaint should be dismissed are conclusive upon the court, and that no

judgment may be rendered which in any way differs from the judgment recommended by the referee. This contention is founded upon section 1228 of the Code of Civil Procedure, which provides that, where the whole issue is an issue of fact which was tried by a referee, the report stands as a decision of the court. By section 1229, however, it is provided that in an action to annul a marriage, or for a divorce or separation, judgment cannot be taken, of course, upon a referee's report, as prescribed in section 1228, and that the testimony and other proceedings upon a reference must be certified to the court by the referee with his report, and judgment must be rendered by the court. Clearly, the duty of the court is not to perform a mere ministerial function. There is no doubt, and it has been so ruled, that the referee's finding upon issues of fact may not be disregarded by the court; but the issues of fact which the referee is to determine are the issues raised by the pleadings, and here the question of collusion is not an issue. McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288; Winship v. Winship, 16 N. J. Eq. 107; 7 Ency. of Pl. & Pr. 92. True, the court may decline to grant a judgment of divorce where collusion appears or is reasonably suggested, and the presence of collusion may be determined by the court upon the application for judgment, or proof may be taken and considered by the referee upon the subject. But so far the referee could not act otherwise than as amicus curiæ, or in his capacity as an officer of the court, whose duty it is to advise the court as to matters affecting the judgment which is to be pronounced. A finding of collusion by the referee, however, is extrinsic to the issues of fact; that is, the issues raised by the pleadings, as I have noted, and the recommendation for judgment in a certain form, which is based upon matters not within the issues of fact, is not, as I take it, the decision of the referee, within the meaning of sections 1228 and 1229 of the Code. That the court is not concluded by the very terms of the referee's report as to the judgment to be entered is quite apparent from other provisions of the statute. Code Civ. Proc. §§ 1766, 1769, 1771.

The matter of the care and custody of children must be determined by the judgment of the court, and provision is to be made for the support of the plaintiff, where the plaintiff is the wife, and for the support of the children of the marriage, if any. Clearly, these matters could not be concluded by the referee, for the obvious reason that they are not within the issues before the referee for determination. The matter of the pronouncement of judgment or withholding of a decree in favor of the party who asserts ground for a divorce is likewise wholly within the functions of the court, as distinguished from the functions of the referee, and the judgment which is to be rendered must follow the referee's report; that is, it must follow the findings upon the issues, which findings actually constitute the referee's decision which he was authorized to render. If otherwise, an anomalous situation would be presented. In the present case the referee has made a finding of collusion which is not supported by the evidence. Thus, within the adjudged cases, the court is properly to withhold its approval of the result and to decline to enter judgment for the defendant in accordance with the recommendations of the referee; and yet upon the plaintiff's application, based upon the finding of adultery, the court is still to de-

cline to enter judgment for the plaintiff, assuming the correctness of the defendant's position, as to the law, because of the presence in the report of the conclusion of law that the complaint should be dismissed. Hence the case is never to be determined by judgment, and yet only upon an appeal from a judgment may the accuracy of the referee's determination in such a case be reviewed, and the result would be that such a report as this would determine the action for all practical purposes as against the party who has succeeded upon the issues, and the referee's finding upon collusion could never be tested upon appeal. Such a situation was certainly never contemplated by the Legislature when enacting the statutory provisions referred to, and the necessity that this situation should result is not, as I find, to arise upon any reasonable construction of the statute. In my view, the function of the court, under section 1229 of the Code, is to render the proper judgment in accordance with the findings of fact of the referee, so far as those findings determine the issues which were before the referee for solution, and that a recommendation for judgment not in accordance with a finding upon the issues is in no way binding upon the court, and is properly to be disregarded.

As I have stated in my earlier memorandum upon the defendant's motion, and as I find now, there was no proof of collusion before the referee. "Collusion, in the law of divorce, is a corrupt agreement between a husband and wife whereby one of them, for the purpose of enabling the other to obtain a divorce, commits a matrimonial offense, or whereby for some purpose evidence is fabricated of an offense not actually committed, or evidence of a valid defense is suppressed." 14 Cyc. 640. Again, collusion has been defined as "a corrupt combining of married parties to procure a sentence of judicial order by some false practice, as for one of them to appear to, or in fact, do what would otherwise be the ground for divorce, or in any way deceive the court in a cause that is seeking its interposition as for a real injury." 2 Bish. Marr., Sep. & Div. 249. The proof before the referee did not in any way suggest that the plaintiff procured the adulterous intercourse of which he complains, or countenanced it, and, as has been held in the cases to which I referred upon the defendant's motion for judgment, there was no collusion in the case according to the legal acceptance of the term. Doeme v. Doeme, 96 App. Div. 284, 89 N. Y. Supp. 215; Dodge v. Dodge, 98 App. Div. 85, 90 N. Y. Supp. 438.

The authorities to which I have been referred by counsel for the defendant upon this application are in no way in conflict with the views which I have expressed as to the meaning to be given to sections 1228 and 1229 of the Code. It is held that the court may not render judgment differing from the decision of the referee, and that the findings of the referee are the findings of the court, for all purposes of the action. This rule I follow, giving to the words "decision of the referee" and "findings of the referee" the meaning which appears to have been intended by the court in the cases in which the subject has been examined, and which meaning accords with the reasonable construction of the sections of the Code to which I have referred. This meaning restricts the referee's decision and findings to the matters of fact actually referred to him by order of the court, and limits the subject of the

report to the issues raised by the pleadings. To this extent the official acts judicially, and his conclusion binds the court. To any other extent his findings are not the findings of a referee, as the term is meant by the statute, and the court is to render the proper judgment agreeably to the actual determination of the facts upon which the referee was authorized to pass. For the reasons stated, the plaintiff's motion for judgment is granted.

Motion granted.