Lillian LePage, Respondent, *v.* Elzear LePage, Appellant.

Fourth Department, March 12, 1924.

Appeal — no appeal lies from ex parte order — husband and wife — separation — alimony — court has power under Civil Practice Act, § 467, to order reference to report on amount of alimony which defendant should reasonably be required to pay — better practice, however, is for court to determine question itself.

No appeal lies from an *ex parte* order granting plaintiff's motion in an action for separation to appoint a referee to inquire and report the amount of alimony which the defendant should reasonably be required to pay.

In an action for separation the court has power, under section 467 of the Civil Practice Act, to direct a reference to inquire into and report the amount of alimony which the defendant should reasonably be required to pay to the plaintiff, since the question of alimony is not a question of fact arising upon the pleadings.

However, the practice should not be adopted except under unusual and extraordinary circumstances, since it leads to delay, unnecessary expense and pro-

tracted litigation. The better practice is for the court, at the time of the hearing upon the issues raised by the pleadings and after the determination of those issues, to take proof upon which to determine the amount to be allowed for alimony.

APPEAL by the defendant, Elzear LePage, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 21st day of November, 1923, granting plaintiff's *ex parte* motion to appoint a referee to inquire and report the amount of alimony which the defendant should reasonably be required to pay to the plaintiff, and also from an order entered in said clerk's office on the 31st day of December, 1923, denying the defendant's application to vacate and set aside said order of reference.

*James S. Bryan,* for the appellant.

*William L. Clay,* for the respondent.

HUBBS, P. J.:

This action for a separation was tried at Special Term. At the close of the evidence the learned trial justice announced a decision in favor of the plaintiff, and stated: " I will hold this question of alimony; and if you two lawyers cannot agree upon it, on a proper showing I will order a reference to take proof, myself, as to what this man has." The attorneys failed to agree upon the amount of alimony and the court, upon the *ex parte* application of the plaintiff, made an order of reference. An order to show cause was granted why the order of reference should not be vacated, and an order was entered refusing to vacate the order of reference. No appeal lies from the *ex parte* order and that appeal should be dismissed. The appeal from the order made upon notice is properly here. No reference was made in the complaint to the question of alimony except in the prayer for relief, wherein it was asked that suitable alimony should be awarded to the plaintiff. The answer was in effect a general denial.

It is urged by the appellant that the court at Special Term was without jurisdiction to make the order of reference. The order provided that it was " for the purpose of inquiring and reporting what is a reasonable sum to allow said wife for her support." In the case of *Forrest* v. *Forrest* (25 N. Y. 514) the court, referring to a similar order, wrote: " The object of the reference, and the report of the referee, is to inform the conscience of the court; but it is the court, and not the referee, who adjudges the question as to what is a suitable allowance." Section 467 of the Civil Practice Act provides: " The court, of its own motion, or upon the application of either party, without the consent of the other,

likewise may direct a reference to take an account and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so for the information of the court; and also to determine and report upon a question of fact arising in any stage of the action, upon a motion or otherwise, except upon the pleadings." It is clear that this section justifies the appointment of a referee in this case unless the question of alimony is a question of fact upon the pleadings and is controlled by the last clause of the section. It has been decided in many cases that there is no justification for the appointment of a referee to determine part of an issue arising upon the pleadings and it has been held that where a court undertakes a trial of the issues raised by the pleadings it should try all of the issues so raised unless there is some provision of a statute requiring or permitting a different procedure. (*Doyle* v. *Metropolitan Elevated Railway Co.*, 136 N. Y. 505; *Barnes* v. *Midland Railroad Terminal Co.*, 218 id. 91.) Those and similar cases have no bearing upon the question presented upon this appeal.

It was decided by Chancellor WALWORTH in 1845 that the question of a proper allowance for alimony might be referred and the question sent to a master to report as to a proper allowance. (*Cooledge* v. *Cooledge*, 1 Barb. Ch. 77.) In *Forrest* v. *Forrest* (*supra*, 513) it was said: " The usual course of the late Court of Chancery in such cases was to order a reference to ascertain, by the report of a master, the value of the defendant's property, the circumstances of the parties respectively, and what would be a suitable allowance." In *Galusha* v. *Galusha* (138 N. Y. 272), an action for a divorce, it was said: " The demand for alimony in a divorce suit is not an essential part of the cause of action. As described by Bishop it is merely an ' appendage ' of the action. (§ 351, 6th ed.)\* Or where it enters into the final decree it is, as defined by this court, in the *Forrest* case (25 N. Y. 501), ' a mere incident of the judgment.' It need not be determined, when the judgment dissolving the marriage is entered, providing the right to have it subsequently determined is reserved in the judgment. \* \* \* The plaintiff may omit from the complaint all reference to alimony, and not thereby prejudice her right to claim it, if she succeeds in the action, providing she asserts her demand for it before the entry of judgment." (See, also, *Hecht* v. *Hecht*, 14 Misc. Rep. 597; *Hauscheld* v. *Hauscheld*, 33 App. Div. 296; *Hart* v. *Hart*, 195 id. 906.)

It seems clear that the Special Term had jurisdiction to grant the order appealed from. However, the practice should not be

---

\* See 2 Bish. Mar. & Div. (6th ed.) § 351.— [REP.

adopted except under unusual and extraordinary circumstances. It leads to delay, unnecessary expense and protracted litigation. The better practice is for the court, at the time of the hearing upon the issues raised by the pleadings and after the determination of those issues, to take proof upon which to determine the amount to be allowed for alimony. (*Martin* v. *Hodges*, 45 Hun, 38; *Wamsley* v. *Horton & Co.*, 68 id. 549.)

The order should be affirmed, with costs and disbursements to the respondent.

All concur.

Appeal from first order of reference dismissed. Order denying motion to vacate order of reference affirmed, with ten dollars costs and disbursements.