ALEXANDER A. MAYPER, Respondent, *v.* KENNETH D. HARLAN, Appellant.

Supreme Court, Appellate Term, First Department, May 28, 1925.

**Attorney and client — action by attorney to recover for legal services furnished defendant's wife in her action for divorce — such services constitute necessaries — attorney entitled to recover — fact that wife was denied alimony and counsel fee does not bar action.**

An attorney is entitled to recover from a husband for legal services rendered the wife in an action for divorce, in which she was successful, upon the theory that such services were necessary and proper for the support and protection of the wife.

The fact that a provision for alimony and counsel fee was denied defendant's wife on the ground that the court had no jurisdiction *in personam* by reason of the fact that defendant was absent from the State does not bar plaintiff's action in the absence of any decree on the merits adverse to defendant's wife. Moreover, defendant's wife was under no obligation to make an application for alimony and counsel fee, since the remedy offered her, pursuant to section 1169 of the Civil Practice Act, is not exclusive.

APPEAL by defendant from an order of the City Court of the City of New York denying his motion to dismiss the complaint of plaintiff.

*J. Robert Rubin* [*D. O. Decker* of counsel], for the appellant.

*Jerome M. Hirsch* [*Alexander A. Mayper* of counsel], for the respondent.

LEVY, J.:

Plaintiff, an attorney, brought this action against the defendant to recover for professional services rendered the latter's wife in her action for absolute divorce in which she was successful, and

grounded his right to relief upon the theory that such services were *necessary* and proper for her support and protection. A motion was made by the defendant to dismiss the complaint because, as he alleged, it did not state facts sufficient to constitute a cause of action; his position was that the wife could not pledge his credit for legal services which she procured in such an action. This motion was denied by the Special Term below, and upon this appeal purely a question of law is presented whether or not, in order to enable the wife to prosecute her action, and for her protection, it was necessary for her to retain the plaintiff, and whether or not such professional services by him come within the meaning of the term " necessaries " so as to hold them to be a proper charge against her husband.

At common law, and the same is true to-day, the husband owed a particular duty to the wife to appropriately support her, and he was held liable for all debts contracted by her which were considered necessary for her comfort and support. To that extent she could doubtless charge his credit. This liability the husband could not escape, no matter what form it took. Hence, when an application is made by the wife for alimony and counsel fee in an action for divorce or separation, the courts hold that in view of the fact that the husband was already under a duty to support the wife, he could not shirk nor escape it simply because she instituted an action to dissolve the marital relationship or for separation from bed and board, and· they, therefore, grant the relief sought. The only prerequisite insisted upon is that she present evidence of a probable likelihood of her success upon the trial. This, irrespective of whether she was the plaintiff or the defendant. It will thus be observed that the husband's duty to support the wife does not cease with the institution of an action for divorce, and the mere fact that this support is termed alimony, does not change its legal effect nor the husband's obligations. So, until the entry of the final decree in any event, the wife is as much the wife of the defendant as though she had never brought a suit and is entitled to receive such maintenance from him as is proper and consonant with his station in life. And this right continues beyond the time that a final decree is entered if she is the successful party. In this respect, therefore, the support which the husband must give the wife either before or after the institution of a marital action is properly denominated *a necessary* because it is required for her comfort and protection. There can be no other conclusion. If this be so, then legal services rendered to the wife in such an action must likewise be considered *a necessary*, and reasonably embraced within the meaning of that term in point of law, because

she is obliged to employ such services to secure that support and ample measure of protection. If considered a necessary, then the services are a proper charge against the husband for which he must be liable in an action brought by the attorney.

The husband, while conceding that the authorities in this jurisdiction have allowed recovery by an attorney who rendered services to a wife in a separation action, vigorously disclaims any liability in an action, such as here, for absolute divorce. And, as authority for his position, he cites *Naumer* v. *Gray* (28 App. Div. 529) which held that in a separation action the attorney could recover against the husband if he could show that the suit was for the protection and support of the wife, but that if the action were for absolute divorce, the result might be otherwise. As the latter expression was not necessary to the determination of the appeal before that court, it is mere dictum and thus cannot be said to be controlling. In any event, it is extremely difficult to recognize any distinction between the two classes of cases. If in one instance the wife is entitled to support, maintenance and protection when she institutes an action for separation on statutory grounds, it is equally true that she is likewise entitled to such full protection when she is forced by perhaps the more iniquitous misconduct of her husband, to institute an action for absolute divorce. They are both cases of necessity if she be justified, and in each instance she is entitled to seek redress. This result can hardly be accomplished without the agency of an attorney. To the same effect is the case of *Stocken* v. *Pattrick* (29 L. T. [N. S.] 507), where the English court said: " I should not hesitate to say that upon the necessity of the case, and upon the obvious justice of the case, the wife has just as much right by means of an attorney to institute a suit for divorce or judicial separation upon the ground of adultery and cruelty, as she has to go into debt and prevail on anybody to give her food and raiment if her husband has deserted her, and left her without the means of support. And that raises the question whether the institution of a suit of this nature is one that comes within the legal term ' necessary.' There is no doubt that a husband is liable for necessaries supplied to his wife; and no doubt a suit for a divorce by reason of adultery, or a judicial separation by reason of cruelty, is not of the same nature in itself as an action to recover for dress or food supplied by a tradesman to the wife; but it is equally a case of necessity, and equally within the reasonable meaning of the word ' necessary,' in point of law; for, unless the law denies to a married woman all redress under the circumstances, it is absolutely of necessity that she should proceed to obtain redress by means of an attorney, and he can only endeavor to procure

for her redress by means of a suit instituted in the proper court. Further, I conceive, a proceeding by such suit to obtain redress is a real ' necessary ' within the meaning of that term." (See *Rice* v. *Shepherd,* 12 C. B. [N. S.] 332; *Ottaway* v. *Hamilton,* L. R. 3 C. P. Div. 393; *Parker* v. *Parker,* 211 Mass. 139.)

The nature of the action, it seems to us, can no more relieve the husband of the common-law duty to support after the institution of the suit, than it can free him of the necessity of supporting the wife before any marital action is begun. It is no answer to the position of the plaintiff for the defendant to say that the wife could have made an application for alimony and counsel fee. As matter of fact, in the instant case such application was made and the court allowed her alimony and counsel fee. Subsequently, upon defendant's motion, such provision was stricken out on the ground that the court had no jurisdiction *in personam* as the defendant was absent from the State, and the process was served upon him by publication. The wife, however, was under no absolute obligation to make such an application. The remedy afforded her by section 1169 ·of the Civil Practice Act is not exclusive and she was not under any duty to resort to it. This was pointed out by the Court of Appeals in the recent case of *Elder* v. *Rosenwasser* (238 N. Y. 427, 431): " The wife was not obliged to resort to the court for support pending the action; to do so was discretionary with her. If she did not apply, the husband's common-law liability to provide her with the necessaries of life according to his station would still continue."

The defendant upon this appeal, however, insists that the question of alimony was determined adversely to the wife, that her status was thereby fixed, in consequence of which she became entitled to no support whatever, and if this be so, any such services rendered her were at the risk of the party acting in her behalf. This cannot be so, as there was no decree *on the merits* adverse to her. The Special Term did no more than to merely correct a result arrived at because of a failure of jurisdiction, that is, the wife did not obtain personal service upon the husband, and the situation was left precisely as though the alimony question had never actually been decided. In the *Elder Case* (*supra,* 432), Judge CRANE, writing for the Court of Appeals upon this very point, took occasion to say: " *If the court had fixed the amount of alimony the husband's liability for the support of his wife would then have been confined to the figures stated.* (*Turner* v. *Woolworth,* 221 N. Y. 425.) *But the court made no allowance. The parties were left to their rights and liabilities existing at the beginning of the separation action.* * * * Even though Mrs. Rosenwasser might

have applied to the Supreme Court for a modification of the order of June 28, 1920, making her an allowance for lawyer's services in the criminal action and in the libel suit, yet she was not obliged to do so.  In the absence of any allowance to her, she could rely upon her common-law right."  (Italics ours.)  Therefore, the question of *res adjudicata* does not enter, and under .these circumstances, the wife could well rely upon her common-law right, and her attorney is entitled to recover for this professional labor rendered as a necessary.

In view of the foregoing, we are of the opinion that the motion below was properly disposed of, and the order appealed from must be affirmed, with costs to the respondent.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, BIJUR, WAGNER and LEVY, JJ.