ANNA M. MATTHEWS, Plaintiff, *v.* WILLIAM THORNE MATTHEWS, Defendant.

Supreme Court, New York County, November 19, 1926.

Husband and wife — separation — application by non-resident defendant to modify judgment of separation obtained by wife on default by striking therefrom provision permitting sequestration, alimony, counsel fees and costs on ground court had no jurisdiction to incorporate said provisions in decree — court had jurisdiction to grant decree of separation, though defendant never was served personally — judgment reciting provision for alimony and costs improper where constructive service was made — provision in decree for support of wife and payment of expenses of action, without notice, improper — decree modified by eliminating said provision — provision for sequestration under Civil Practice Act, § 1171-a, may remain in decree.

A judgment of separation obtained by the plaintiff by default against the defendant, a non-resident, containing provisions for alimony, counsel fees, costs, sequestration and the appointment of a receiver of defendant's property, out of which the various payments to the plaintiff were to be satisfied, must be modified by eliminating the provisions for alimony, counsel fees and costs, for, while the court had jurisdiction to grant the decree of separation though defendant never was served personally, said court could not include in its judgment a recital that the defendant must pay certain alimony, counsel fees and costs out of the property sequestered, where the service upon said defendant was merely constructive.

The provision for sequestration of defendant's property, under section 1171-a of the Civil Practice Act, will not be eliminated from the decree in spite of the fact that he had no notice of its incorporation therein, for if he be afforded the right to be heard as to the respective amounts to be incorporated in the final decree as to alimony and counsel fees, he cannot later·complain that his rights were invaded or that he was deprived of property without a due hearing.

APPLICATION by a non-resident defendant, the husband, to modify a certain judgment of separation secured by the wife by default, by striking therefrom the sequestration, alimony, counsel fees and costs provisions, on the ground that the court had no jurisdiction to incorporate them in the decree.

*Barnett E. Kopelman,* for the plaintiff.

*Page & Page [William H. Page* and *Richard M. Page* of counsel], for the defendant.

LEVY, J. The proceedings were initiated by a sequestration order upon the property of the defendant pursuant to section 1171-a of the Civil Practice Act, which order, among other things, provides for payment of alimony and counsel fees during the pendency of the action. Thereafter the summons and complaint were served by publication. Upon appeal to the Appellate Division

the sequestration order was pronounced void *ab initio*, section 1171-a on which it was based being declared unconstitutional. (*Matthews v. Matthews*, 210 App. Div. 652.) The Court of Appeals (240 N. Y. 28) sustained the determination that the order was void, but held that the statute was constitutional; that while sequestration of the property of the non-resident was proper prior to final judgment, the act was not to be construed so as to authorize payments of alimony out of such property until after judgment. Instead of endeavoring to procure a proper order, plaintiff chose to proceed to judgment of separation by default but a few days after the decision. The fact that the statute was comparatively new and the profession had not yet come to fully realize the significance of the holding by the Court of Appeals may account for this course. The decree contained provisions for alimony, counsel fees, costs, sequestration and the appointment of a receiver of the husband's property, out of which the various payments were to be satisfied. An action which is still pending was then begun by the receiver to set aside a certain conveyance of property made in alleged fraud of the wife.

This motion is now brought to vacate all the provisions of the judgment, except that which decrees separation, and also involves the propriety of that part of the judgment which directs sequestration and payments out of the proceeds. On the part of the defendant, it is urged *first*, that no money judgment against him is valid, *in personam*, because no personal service was ever effected, and *secondly*, that sequestration is improper because proceedings therefor were taken after final judgment, and section 1171-a, it is argued, only authorizes such a course as a provisional remedy in the nature of attachment. It is clear, of course, that no judgment *in personam* against a defendant only constructively served can be sustained. The judgment, in addition to decreeing separation, provides for alimony, counsel fees and costs, not in the nature of an adjudication *in personam*, but one to be satisfied out of property of the defendant within the State. No such assets having been levied upon by the plaintiff prior to the final judgment, the question is whether section 1171-a supports the right to sequester subsequent, as well as prior to, the final judgment of separation, and whether in that event all the moneys payable under the decree may be applied out of the avails. We may approach the solution of this rather difficult problem by first considering the extent of the undisputed jurisdiction of the court in the action.

There is no doubt that the court acquired jurisdiction to grant a decree of separation by constructive service. (Civ. Prac. Act, § 1167.) The constitutionality of such a procedure has been

passed upon in *Pennoyer* v. *Neff* (95 U. S. 714, 734) where it is said: " To prevent any misapplication of the views expressed in this opinion, it is proper to observe that we do not mean to assert, by any thing we have said, that a State may not authorize proceedings to determine the *status* of one of its citizens towards a non-resident, which would be binding within the State, though made without service of process or personal notice to the non-resident. The jurisdiction which every State possesses to determine the civil *status* and capacities of all its inhabitants involves authority to prescribe the conditions on which proceedings affecting them may be commenced and carried on within its territory. The State, for example, has absolute right to prescribe the conditions upon which the marriage relation between its own citizens shall be created, and the causes for which it may be dissolved. * * *; and if application could not be made to the tribunals of the complainant's domicile in such case, and proceedings be there instituted without personal service of process or personal notice to the offending party, the injured citizen would be without redress." (Italics mine.)

A judgment for alimony and counsel fees, in an action where the defendant has been personally served, may be provided for in the final decree without any further notice beyond the mere summons and complaint, which in itself is sufficient notice that such a demand might be made as part of the relief. (*Hecht* v. *Hecht*, 14 Misc. 597.) But where process has been served constructively, the courts of this State have regarded the incidental judgment for alimony and costs as unauthorized because *in personam*. Thus in *Rigney* v. *Rigney* (127 N. Y. 408, 414; revd., 160 U. S. 531 on other grounds) it was held that " A judgment for alimony and costs cannot be supported on the ground that they are mere incidents of and subordinate to the right to a divorce, and the jurisdiction which is sufficient to support a decree changing the marital status of the plaintiff will not necessarily sustain a judgment for alimony and costs."

In *Burch* v. *Burch* (116 App. Div. 865) it was decided that execution on a judgment for costs obtained in an action for divorce upon constructive service was improper. And in *Baylies* v. *Baylies* (196 App. Div. 677) a judgment for alimony as part of a divorce decree obtained upon such service was likewise pronounced improper. While in this respect the judgment in the instant case in terms binds only the property to be sequestered and thus renders the defendant immune from proceedings for comtempt, it nevertheless attempts to enforce it against property by a process analogous to execution. Whether such a procedure is justified depends upon

two considerations: (1) Is a distinction to be drawn between actions for divorce and those for separation? (2) If not, has section 1171-a provided such authority, and if so, is its exercise in the present situation sanctioned by the Constitution?

In an action for separate maintenance, the court, in *Blackinton* v. *Blackinton* (141 Mass. 432), declared that the jurisdiction of the State over the marital status of the parties, in case of a defendant served by publication, carried with it the power to enforce the award of alimony out of the property of the defendant located within its borders. Referring to this subject, Mr. Justice Holmes said (at p. 436): "The whole proceeding is for the regulation of a status. The incidents of that status are various,— some concerning the person, some concerning the support, of the petitioner or her child. The order to pay money is not founded on an isolated obligation, as in a case of contract or tort, but upon a duty which is one of those incidents. The status, considered as a whole, is subject to regulation here, although it involves relations with another not here, because such regulation is necessary rightly to order the daily life, and to secure the comfort and support, of the party rightfully living within the jurisdiction. * * * We are therefore of opinion that the decree was within the power of the court, and can be carried out against the defendant's property within the jurisdiction, and against his person if he be found here."

This case was cited in *Haddock* v. *Haddock* (201 U. S. 562) and in *Finlay* v. *Finlay* (240 N. Y. 429) but not with reference to the right to enforce alimony by sequestration subsequent to judgment. It has, however, received full approval of the Court of Appeals of the District of Columbia in the recent case of *Thompson* v. *Tanner* (287 Fed. 980) in which the court (at p. 985) justified a decree for alimony based upon constructive service enforcible only against the property of the husband within the jurisdiction, as follows: "The jurisdiction thus acquired over the property of the defendant arises from the peculiar status of the parties. It is the marriage status which constitutes the *res*, making a divorce proceeding one *in rem*, and not an action *in personam*. An order to sequestrate property of the absent defendant, within the immediate jurisdiction of the court, is *quasi in rem*, issued to satisfy a personal claim on specific property. Thus the court acquires jurisdiction to render a judgment essentially *in rem* affecting such property, notwithstanding the absence of the owner from the state, and the impropriety of rendering a personal judgment against him. The judgment is not effective against the world, but only the interest of the defendant in the property." (Citing *Benner* v. *Benner*, 63 Ohio St. 220.)

This power was held peculiarly applicable in limited divorce actions, the court expressing no opinion on the applicability of the rule " to an action for alimony, embraced in a decree for absolute divorce." However, in *McGuinness* v. *McGuinness* (71 N. J. Eq. 1) the court specifically drew a distinction between alimony in separation and such an allowance in a divorce decree, holding that as the former is in continuance of the matrimonial status, alimony upon constructive service is enforcible against the property of the defendant. In coming to this conclusion it instanced the fact that all the decisions on record, including those in this State, in which a judgment for alimony upon such service was pronounced invalid, were in actions for absolute divorce. The higher court, however (in 72 N. J. Eq. 381), reversed the determination, holding that an award of alimony in a decree for divorce, whether *a vinculo* or *a mensa et thoro*, is void against a defendant who has not been served with process. It referred to the allowance of alimony " as a means of enforcing the continuing duty of support which the husband owes to the wife, and of which he is not permitted to absolve himself by his own misconduct, even though that misconduct results in a dissolution of the marriage. *Lynde* v. *Lynde*, 64 N. J. Eq. 751." The case of *Naumer* v. *Gray* (28 App. Div. 529) might seem to sustain the distinction made by the vice chancellor in the *McGuinness* case between separation and divorce actions in the matter of alimony. Citing the *Naumer* case, the Court of Appeals in *Lanyon's Detective Agency* v. *Cochrane* (240 N. Y. 274, 277) said: " It was accordingly held and had our approval as above stated that in an action for separation, legal fees and expenses could be recovered in an action against the husband where they were necessarily incurred to protect the interests of the wife."

The rule is different in suits for divorce, where " the purpose of the actions is to dissolve the marital relationship, and not to protect or support the wife in her condition as such." (*Naumer* v. *Gray, supra*, 533.) This distinction, indicated by mere dictum in the latter case, has been definitely established in *Mayper* v. *Harlan* (242 N. Y. 537). That case involved a claim of an attorney for a wife who had obtained an absolute divorce, for legal services rendered to the latter in that action. The Appellate Term (125 Misc. 123) endeavored to define the husband's obligation in that regard to be the same as if the action had resulted not in a divorce, but in a separation. The Appellate Division reversed this determination (215 App. Div. 767) on the authority of the *Lanyon* case, and the effect of the affirmance in the Court of Appeals was definitely to establish the principle that the obligation of a husband for legal and other fees and expenses furnished to a wife in a successful

suit for absolute divorce was on a different plane from such necessaries supplied in an action for separation. But in view of the fact that the Appellate Division of the Second Department in *Baylies* v. *Baylies* (*supra*) specifically cited the *McGuinness* case as decided in the higher court, the rule as to the invalidity of any judgment for alimony, etc., in separation actions in the absence of personal service, might perhaps seem to be identical with that in divorce actions; and it may be that under that authority the rule in the *Blackinton* case is not applicable, unless a change has been effected by the adoption of section 1171-a. the scope of which must now be determined.

When the Court of Appeals, in passing generally upon the right of sequestration without notice, interpreted the statute, it likened the remedy to attachment proceedings. It does not follow that in adopting this analogy, it necessarily limited the scope of the section to the stages prior to final judgment, although a narrow construction might sustain such limitation. Considering the difficulties the statute was intended to obviate, effect should be given to the broad and beneficent purposes contemplated by the Legislature, if this can be done without encountering constitutional obstacles. Thus viewed, the law was seemingly intended to provide a remedy in cases where personal service could not be effected. Prior to its adoption, the remedy of sequestration was available to the plaintiff, under section 1171, but only if jurisdiction *in personam* had been acquired. Section 1171-a was intended to afford the remedy where personal service could not be effected by reason of the absence of the defendant from the State. Sequestration proceedings must be deemed mere steps in the principal action, not special proceedings supplementary thereto. In so construing them, I am following the analogy of proceedings in contempt, which must also be entitled as in the action. (*Jewelers' Mercantile Agency* v. *Rothschild*, 155 N. Y. 255; *Clark* v. *Clark*, 195 id. 612.) It may, therefore, be held, in line with this broad construction of the statute, that the decree of separation as such does not necessarily terminate the action.

The judgment here provides for sequestration and payment of alimony, etc., out of the property obtained. Of the right to sequester after the decree, I am in little doubt. Whether it is competent to permit the payment of moneys out of such property without notice is another matter. In the case of *Minor* v. *Marysville Land Co.* (229 Mich. 72) the right to both sequestration and appropriation was sustained. That case was a sequel to a matrimonial action, in which jurisdiction was acquired by substituted service, and in which, after judgment and without prior attachment, the

court applied the property of the absent husband in satisfaction of
the award made to the wife under a statute. which authorized,
in a divorce decree, a provision in lieu of dower. Overruling the
claim of the husband in a subsequent suit to set aside the award
on the ground that attachment prior to judgment was requisite to
the validity of such award, the court said (at p. 75):

"It is well understood, of course, that in cases of substituted
service the court cannot render a personal judgment for alimony
or for the costs of suit. But the statute in question authorizes
and requires the court to make a provision in lieu of dower. There
is no question as to what the legislature intended. It expressly
authorizes the court to do what was done in this divorce suit.
The only question is whether the statute is in violation of the
due process clause of the Constitution.

" In *Pennington* v. *Fourth National Bank*, 243 U. S. 269, the court
said:

" ' The Fourteenth Amendment did not, in guaranteeing due
process of law, abridge the jurisdiction which a State possessed
over property within its borders, regardless of the residence or
presence of the owner.'

" And in Cooley on Constitutional Limitations (7th Ed.), p. 584,
the author, referring to the power of courts in divorce cases to render
a valid decree against property where the owner is not personally
served with process and does not appear, says:

" ' If the defendant had property within the State, it would
be competent to provide by law for the seizure and appropriation
of such property, under the decree of the court, to the use of the
complainant.' "

The Michigan case just cited thus authorizes not only seizure,
but also appropriation after final judgment. I hesitate, however,
to follow this conclusion in so far as to direct payment, without
notice, out of property sequestered, in view of the utterance of
Judge CRANE in *Matthews* v. *Matthews* (*supra*, 34) in construing
the language of section 1171-a: "It must be conceded that no
judgment could be obtained for the disposition of the sequestered
property without personal or constructive service upon the defend-
ant. We have no such thing in our practice; in fact there is no such
thing in existence in the law as a personal judgment without service
or notice of some kind, and the only kind of notice that we recognize
in this State for the obtaining of a judgment is personal service,
substituted service or the service by publication of the summons
in the action. It necessarily follows that when the word ' order '
is thus linked up to the word ' judgment ' so that the disposition
of the sequestered property is to be ' by order or judgment,' the

order also to be legal and effective must be on notice to the defendant either given personally or in some form recognized by our practice."

The extent of the obligation of the defendant to support the plaintiff and to pay the expenses of the action should not be determined, therefore, without notice. The decree has fixed his obligation to pay certain moneys out of property to be sequestered in the future. The measure of his obligation has been determined without notice. Notwithstanding the distinguished authority of Mr. Justice HOLMES in the *Blackinton Case* (*supra*), the views expressed there as to the right to levy upon the property of the husband for the amount of the maintenance fixed in the final decree, might seem to clash with the opinion in *Pennoyer* v. *Neff* (*supra*, 727, 728), where the court limited the jurisdiction *in rem* to property brought under its control by " attachment or some other equivalent act " prior to judgment. · " Its jurisdiction in that respect cannot be made to depend upon facts to be ascertained after it has tried the cause and rendered the judgment   *   *   *.   Even if the position assumed were confined to cases where the non-resident defendant possessed property in the State at the commencement of the action, it would still make the validity of the proceedings and judgment depend upon the question whether, before the levy of the execution, the defendant had or had not disposed of the property. If before the levy the property should be sold, then, according to this position, the judgment would not be binding. This doctrine would introduce a new element of uncertainty in judicial proceedings. The contrary is the law: the validity of every judgment depends upon the jurisdiction of the court before it is rendered, not upon what may occur subsequently."

It may be that a judgment in separation with its collateral provisions for alimony, involving a continuing obligation, does not come within this strict rule. But the relief to which the plaintiff is entitled should not be based upon a remedial procedure which may be subject to proper criticism and result in defeating the salutary provision for her very benefit, which the Legislature has justly authorized. I have, therefore, decided to modify the decree by eliminating the provisions for alimony, counsel fees and costs, reserving these matters for the possible consideration of the court upon proper application in the future. The power to make such reservation appears to be unquestionable. (*Galusha* v. *Galusha*, 138 N. Y. 272; *Hauscheld* v. *Hauscheld*, 33 App. Div. 296.) The effect of the elimination may dispel any doubt as to the right of sequestration, because there will be no final judgment as regards alimony and counsel fees, and in that respect the action cannot be deemed to have terminated under even the narrowest construction of section 1171-a. Now, therefore, even if sequestration under

that section should ultimately be regarded as a provisional remedy solely, plaintiff may nevertheless proceed thereunder, so that if the court should grant alimony and counsel fees after due opportunity to the defendant to be heard, the award would not prove abortive. In any event the decree will retain the provision for sequestration of the defendant's property, and if defendant is afforded the right to be heard as to the respective amounts to be incorporated in the final decree as to alimony, etc., he may not later be heard to complain that his rights were invaded or that he was deprived of property without a due hearing. While the question of allowances are not of present concern, it may prove interesting to observe that in relation to counsel fees and expenses, there is a marked distinction between section 1171-a which provides for expenses *" in bringing and carrying on"* said action and the proceedings incidental thereto or connected therewith," and section 1169, according to which the husband is required to pay only the sum necessary to *" carry on"* or defend the action."

The motion will, therefore, be granted to the extent here indicated.   Settle order.