MARGARET P. JOHNSTONE, Plaintiff, *v.* ROBERT S. JOHNSTONE, Defendant.

Supreme Court, New York County, August 17, 1927.

**Husband and wife — divorce — alimony — report of referee not binding on court as to alimony — amount of defendant's income as found by referee reduced — award cannot be made for support of adult child — amount of alimony found by referee reduced.**

In an action for divorce the finding of a referee as to the financial condition and the proper amount of alimony to be allowed is not binding on the court and the court may treat it as advisory only and grant alimony according to its judgment.

The determination of the referee that the defendant's average annual net income for the last four years was $26,357.80 cannot be sustained since the referee took into consideration certain income of a temporary character, and the court finds that the annual net income of the defendant which may be taken as a basis for permanent alimony is approximately $20,000 per year.

An award cannot be made for the support of an adult child of the parties and this is true notwithstanding the fact that the health of the adult child may be such as to render her unable to support herself.

Taking into consideration the standard of living of the parties and their children prior to the separation, and the expenses of the family, the alimony awarded by the referee at $9,900 is reduced to $6,600 per annum for the support of the plaintiff and two minor children.

MOTION to confirm report of referee in action for divorce on which objection is made to amount of alimony awarded.

*Howard C. Kelly* [*James A. Smyth* of counsel], for the plaintiff.

*Stanley L. Richter* [*George Z. Medalie* of counsel], for the defendant.

FRANKENTHALER, J. On this motion to confirm, the only feature of the learned referee's report to which objection is made is the amount of alimony awarded. The reference was one to hear and determine the issues (*McCleary* v. *McCleary*, 30 Hun, 154; *Matthews* v. *Matthews*, 53 id. 244), but the demand for alimony is not an essential part of the cause of action for divorce (*Galusha* v. *Galusha*, 138 N. Y. 272; *Le Page* v. *Le Page*, 208 App. Div. 458; *Averett* v. *Averett*, 110 Misc. 584; affd., 191 App. Div. 948) and is, therefore, not included among the " issues " referred. (*Bowe* v. *Bowe*, 55 Misc. 403.) To the extent that provision was made for an inquiry into the defendant's financial condition and the proper amount of alimony to be allowed, the reference was not to hear and determine, but rather to inform the conscience of the court (*Bowe* v. *Bowe*, *supra*), the court alone having the power " in *its* discretion " to award alimony and provide for the maintenance and custody of children. (Civ. Prac. Act, §§ 1170, 1175.) It follows that the court is not precluded by the referee's findings of fact or conclusions of law in regard to the amount of alimony, but may treat them as merely advisory, and may review the testimony and grant alimony according to its independent judgment. (*Bowe* v. *Bowe*, *supra; Marshall* v. *Meech*, 51 N. Y. 140; *Muhlenbrinck* v. *Pooler*, 40 Hun, 526.)

The referee has found that the defendant's average net annual income during the last four years has been $26,357.80. In arriving at that figure he has included a fee of $10,900 received for services performed prior to the commencement of the four-year period but this sum could be properly treated as income only if consideration were at the same time given to the fact that it was payment for services rendered in previous years. To give proper effect to this circumstance, it would be necessary to include all other income derived during those years and divide the aggregate sum by the number of years involved.

The referee has also treated as part of defendant's income the sum of $8,000 to $10,000 which the latter managed to make as a result of speculation in stocks. He has found that the defendant's trading in the stock market has become a side line to his professional activities as an attorney, but the evidence is merely that the defendant occasionally speculated in stocks, and during the last four years had a profit from these stock transactions. Although

the receipt of this income is not to be ignored, it must be evident that in its very nature such income furnishes no satisfactory basis for an award of permanent alimony. Common experience leads to the prediction that ultimately these profits will become losses.

When effect is given to the circumstances adverted to, the annual net income which it is fair and proper to take as a basis for an award of permanent alimony is reduced to approximately $20,000 per year.

Although the order of reference restricted the inquiry on the subject of alimony and custody to the amounts necessary for the support of the plaintiff and such of the children as are under twenty-one years of age, the referee has, nevertheless, in arriving at his recommendations as to alimony included seventy-five dollars per month for the support of an adult daughter. In his opinion he has sought to justify this procedure by pointing out that she is tubercular and unable to earn her own living, and states that the plaintiff under the circumstances could supply her with necessaries and recover from defendant the amounts thus spent, and accordingly he concludes that an allowance should be made to plaintiff in advance so that circuity of action may be avoided. It is very questionable whether plaintiff could recover for necessaries furnished to the adult daughter in the absence of abandonment or desertion of the latter by defendant. In *De Brauwere* v. *De Brauwere* (203 N. Y. 460), cited by the referee, the husband had abandoned the plaintiff and the children, and the opinion of the Court of Appeals repeatedly stressed the fact that there had been neglect of duty on the part of the husband by reason of the desertion. The same observation applies to *Laumeier* v. *Laumeier* (237 N. Y. 357), where the court said (at p. 364): " If the father fails to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it." In the instant case there is no evidence of desertion or abandonment of the adult child by the defendant. On the contrary, he states that he is entirely willing to continue to support the child and maintain her properly.

Even if it be assumed, however, that the plaintiff could maintain a separate action for necessaries furnished to the adult daughter without any evidence of desertion or abandonment by the defendant, it, of course, does not follow that an advance allowance can be made to plaintiff for that purpose in a matrimonial action of this character. The court's authority to deal with the custody of children ceases when they reach majority, and the referee has

recognized that fact by refraining from making the custody of the adult daughter a subject of his report. The latter may choose to reside with her father or her mother or by herself or with relatives or even with strangers. Her illness is not of a nature to deprive her of her freedom of choice. It seems incongruous to award moneys for her support, not to her, but to her mother with whom she may not choose to reside. It would certainly seem more appropriate for any award to be made directly to her. These considerations lead to the conclusion that the court's power in matrimonial actions to grant alimony for the support of children does not extend to those over twenty-one years of age over whose custody the court has no control. Adequate remedies exist for the support of such adult children where they are physically unable to take care of themselves, whether in the form of an action for necessaries furnished or otherwise. There does not appear to be any authority upholding the procedure adopted by the referee. There are, however, decisions to the contrary. In *Chaffee* v. *Chaffee* (15 Mich. 184) the court held that, however desirable it was to provide for a daughter over twenty-one years of age, there was no recognized principle which authorized such a course in a matrimonial action. A similar holding was made in *Thiessen* v. *Moore* (105 Ohio St. 401). In *Boehler* v. *Boehler* (125 Wis. 627) the daughter was of the age of twenty-four and wholly unable to support herself. The court held that its power to provide in a matrimonial action for the support of children was confined to minors, saying (at p. 630): " The plain meaning of the statute as to children is that provision for their maintenance shall be limited to the period of minority. *Words to that effect are a part of the statute by necessary implication.* The custody spoken of is that control of children, belonging as a matter of right to parents, which, of course, does not extend beyond minority." (Italics mine.) The court went on to say: " If, for any reason, appellant be legally bound to contribute for the support of his adult child, Adelia, the obligation rests upon conditions satisfying the statute as to the support of the poor, and the remedy to enforce it is the one specially prescribed by the statute for such cases, not by a proceeding in the divorce action." In 19 Corpus Juris, 356, it is stated that " an order cannot be made for the support of a child who is of age at the time the divorce is granted, although such child is incapable of providing for its own support."

Whatever view be taken, however, as to the power of this court in the circumstances, it would be an improper exercise of discretion to award moneys to the plaintiff for the care of an adult daughter whom the defendant has never refused to support and for whom

he states he has provided and is glad to provide to the best of his ability.

The parties to this action separated in January, 1927. It is undisputed that during their entire married life the defendant at no time spent more than $10,000 per annum for the living expenses of the entire family, including his wife, three children and himself. In fact, until 1920 or 1921, when defendant's salary — his only source of income at the time — was raised to $10,000, he had never earned more than $7,500 per year. There is no contradiction of his testimony that the standard of living maintained by him involved an expenditure of considerably less than $10,000 per year even after his income reached that amount, and down to the present moment. Reflection upon the precarious nature of a law practice involving counsel work only, and upon the fact that the best years financially would doubtless be those immediately succeeding his retirement from public office, quite properly impressed upon the defendant the importance of saving money for the support of himself and his family for a future time when his earnings might be reasonably calculated to drop materially. It must also be borne in mind that defendant by reason of his professional standing must necessarily maintain a certain standard of living in his personal establishment.

The referee has awarded $9,900 per annum alimony for the support of plaintiff and the three children. When it is considered that at all times they, *together with the defendant*, lived on considerably less than that sum, it is readily perceived that the allowance would elevate the plaintiff's standard of living above that to which she was accustomed during the whole of her married life, which is a circumstance to be taken into account. The defendant would have to support himself and save for his family out of the surplus. The amount of the allowance represents nearly one-half of the defendant's income. Moreover, the provision for the adult child must be eliminated for the reasons above stated and the allowance restricted to plaintiff and the two minor children. The testimony establishes that the adult child is a great expense, because of her age and her need for special foods and medical attention made necessary by her condition. Plaintiff owns her own home and lives rent free, interest on securities owned by her yielding sufficient sums to pay taxes, interest on mortgage and other expenses of the house. The plaintiff's figures in regard to the expenses of running the home for December, 1926, include not only items which should in view of the facts herein disclosed be eliminated (such as rent and taxes), but also others which require apportionment in that they cover a greater period than one month.

It is apparent from plaintff's testimony that her estimate as to future expenses is inflated.

For the foregoing reasons, and after a careful consideration of the entire circumstances, an award of $6,600 per annum for the support of plaintiff and the two minor children would appear fair to all concerned and proper. The motion to confirm is granted except that alimony will be fixed as indicated. Submit order and interlocutory judgment accordingly.