JOSEPH S. ROBINSON and Others, Attorneys at Law, Practicing under the Firm Name and Style of ROBINSON, HENNESSY & WEITZER, Plaintiffs, *v.* JOSEPH B. ROBERTS, Defendant.

Supreme Court, New York County, June 22, 1935.

*Robinson, Hennessy & Weitzer,* for the plaintiffs, opposed.

*Bethuel M. Webster,* for the defendant, for the motion.

LEVY, J. The rule that a husband is not liable in an independent action for legal services previously performed on behalf of his wife in an action brought *by her* for divorce is based upon the fact that an action for divorce seeks to dissolve the marital relationship. This very distinction was emphasized by me in *Matthews* v. *Matthews* (128 Misc. 309, at p. 313), where I said: " The rule is different in suits for divorce, where ' the purpose of the actions is to dissolve the marital relationship, and not to protect or support the wife in her condition as such.' " In *Lanyon's Detective Agency* v. *Cochrane* (240 N. Y. 274) the Court of Appeals pointed out (at p. 277) that " in an action brought by him against her it might be different." Although, as expressly indicated in the case cited, the exact question has not been decided in this State, there appears to be no good reason for holding that legal services rendered in defending a divorce action brought against the wife are not to be included within the class of necessaries. The object of such services is to uphold, rather than dissolve, the marital relationship, and there seems to be no justification for differentiating between

such services and those rendered to a wife suing as plaintiff in a separation action, which have been definitely held to constitute necessaries. (*Naumer* v. *Gray*, 28 App. Div. 529; *Elder* v. *Rosenwasser*, 238 N. Y. 427.) The present motion for judgment on the pleadings dismissing the complaint for insufficiency is accordingly denied, with ten dollars costs. Order signed.