THE GRAND STREET AND NEWTOWN RAILROAD COMPANY, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant

(Argued December 20, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, entered upon an order made the third Monday of September, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

*William J. Kelly* for appellant.

*Albert G. McDonald* for respondent.

Agree to affirm; no opinion.
All concur.
Judgment affirmed.

---

ELIZABETH CROSS, Respondent, *v.* JOHN A. CROSS, Impleaded, etc., Appellant.

A party to an action, by calling the opposite party as a witness, does not become bound by his testimony, but may dispute specific facts so testified to, although not permitted to impeach the character of the witness for truth.

A judgment of divorce obtained in another state against one who, at the time it was rendered, and during the pendency of the action, was domiciled in this state, and who was not served with process, and did not appear in the action, is inoperative and void as to the defendant.

Recitals in such a judgment that the plaintiff therein was at the time a resident of the state wherein the judgment was rendered, are not conclusive.

When the judgment is brought in question in an action in this state the jurisdiction of the court is open to assault, and it is competent to question the truth of such recitals.

(Argued December 20, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered

upon an order made the third Monday of September, 1885, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action for limited divorce, on the ground of abandonment.

The following is the *mem.* of the opinion:

" The question of abandonment in this case is very close and quite open to debate.   That a separation occurred, evincing a settled determination of the parties to live apart is beyond question, but whether the result sprang from an abandonment of the wife by the husband, or of the husband by the wife, is a difficult inquiry, but purely a question of fact.   The appellant seeks to avoid that consequence and open the merits for review in this court by insisting that when the plaintiff called the defendant as a witness, she gave him credit as such, and so became bound by his evidence that he did not abandon his wife, and sought in good faith and patiently a restoration of their marital relations.   But by calling him as a witness the plaintiff did not become forced to admit as true every fact to which he testified.   While not at liberty to impeach his character for truth she was at liberty to dispute specific facts although sworn to by him, and the trial court had the right to confront his statement of his mental conclusion with the facts and circumstances of his conduct, his letters and declarations, and determine from the whole evidence whether he did form a settled determination to abandon his wife.   He was both a hostile and a deeply interested witness, and all his testimony was a proper subject of consideration, with freedom to believe or doubt and reject.   This doctrine we have quite recently asserted in *Becker* v. *Koch* (104 N. Y. 394).   The question there was one of fraudulent intent and respected the purpose of the witness, and his statement of honesty and innocence was uncontradicted except by the logic of facts and circumstances and the force of natural inferences.   In like manner here it was competent to confront the statement of the witness, adverse in interest, hostile in feeling, married to a new wife and fretted by the old entanglement, and deeply interested in maintaining his own view of the quarrel, with the facts occurring

at the time and the inferences founded upon them ; and so the question remained one of fact, and whatever we might ourselves think we are not at liberty to distrust or review the result. A judgment of divorce, obtained by the defendant in Illinois, was put in evidence by him as an answer to the plaintiff's cause of action.   When it was rendered and during the pendency of the suit the defendant therein was domiciled in this state, was not served with process, did not appear in the action, and had no actual notice of its existence, until a copy of the final decree was served upon her.   The cases of *People* v. *Baker* (76 N. Y. 78), and *O'Dea* v. *O'Dea* (101 id. 23), are decisive upon this point, and bar the further discussion to which the appellant invites us.

" It is also claimed that the court erred in admitting evidence to show that defendant was not a resident of Illinois when he obtained his decree.   The jurisdiction of that court was open to assault in spite of the recitals in the judgment, and so it was competent to question the truth of the foreign residence. (*Kerr* v. *Kerr*, 41 N. Y. 272.)   If the plaintiff had appeared in the Illinois action, or ought to have so appeared, and the question of residence had then been litigated, the decision of the court might have been conclusive, but since no process was served upon her in this state and she had no notice of the action, she had no opportunity to be heard and is not barred by the finding of the decree.   Some other questions have been examined but do not require discussion.

" The judgment should be affirmed, with costs."

*Benjamin F. Tracy* for appellan

*George P. Reynolds* and *Charles W. Sloane* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.