### SCRAGG v. SCRAGG.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

1. DIVORCE—ALIMONY—JURISDICTION OF DEFENDANT.
   Where, by the Code of Civil Procedure, the facts alleged in a complaint for divorce on the ground of adultery give the court jurisdiction over the person of a defendant served by publication of the summons, the court may direct such defendant to pay a counsel fee and alimony.

2. SAME—EVIDENCE.
   Where, in an action for divorce, defendant admits acts of adultery, but claims that the same were condoned prior to the date alleged in the complaint, and it appears that the person with whom such adultery was committed remained a member of defendant's family until the date of the adultery complained of, there is sufficient to satisfy the court, on a motion for alimony, that the action is not groundless.

3. SAME—AMOUNT OF ALIMONY.
   Where, on a motion for alimony, defendant's affidavit merely alleges that he earns less than the sum stated in plaintiff's affidavit, and fails to show his income or his ability to pay, but states that he is now receiving $25 per week, an allowance of $10 per week for the support of his wife and three children is not excessive.

Appeal from special term, New York county.

Action by Deborah Scragg against George H. Scragg for divorce. Defendant appeals from an order directing the payment of alimony and a counsel fee. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Levi L. Tenney*, for appellant. *Louis Cohen*, for respondent.

VAN BRUNT, P. J. This action was commenced in July, 1891, by the issuance of a summons and complaint herein, and was brought for an absolute divorce upon the ground of the adultery of the defendant. In August, 1891, in consequence of the absence of the defendant from the state,—he being a non-resident,—an order was made directing the summons to be served by publication, and it was so served. The defendant appeared specially to raise the question of jurisdiction, and interposed a verified answer, setting up the want of jurisdiction of the court over his person, and as a separate defense denying every charge of adultery alleged in the complaint. It appears that the plaintiff is a resident of this state, was a resident of this state when the offense was committed and when the action was commenced, and that the marriage was solemnized within this state. It is urged upon the part of the appellant that alimony will not be granted where it clearly appears that the plaintiff cannot succeed in the action, and that no valid judgment of divorce can be rendered against the defendant because the court has obtained no jurisdiction over his person; and we are referred as authorities for this proposition to the cases of *People* v. *Baker*, 76 N. Y. 78; *O'Dea* v. *O'Dea*, 101 N.

Y. 23, 4 N. E. Rep. 110; *Jones* v. *Jones*, 108 N. Y. 415, 15 N. E. Rep. 707; and *Cross* v. *Cross*, 108 N. Y. 628, 15 N. E. Rep. 333. These cases by no means establish the claim made upon the part of the defendant. The facts alleged in the complaint by the express provisions of the Code gave jurisdiction to the courts of this state to entertain the action, and the principal grounds upon which the decrees in the cases of *People* v. *Baker* and *O'Dea* v. *O'Dea* were held not to be binding in this state were because the divorce had been granted in the state of Ohio, upon grounds not recognized by the laws of this state, and against the public policy of this state upon that subject. And in the case of *Cross* v. *Cross* one of the elements which entered into the consideration of the court was the fact that the defendant never had any notice of the proceeding. It will be seen, therefore, that the cases cited in no way conflict with the jurisdiction of this court to entertain the action upon the grounds specified in the complaint.

It is further urged that no facts are presented which tend to prove the defendant's adultery, or to justify the bringing of the action. In respect to this point it seems to be sufficient to say that the defendant himself admits having committed adultery with one of the persons charged in the complaint, and the only defense offered was that it had been condoned, and was prior to the date alleged in the complaint. But there is evidence before the court showing that the person with whom this adultery was admitted to have been committed remained a member of his household until after the date at which it is alleged in the complaint that adultery with her was committed.

In respect to the amount of the alimony the affidavit of the defendant throws but little light upon the amount of his income, or his ability to pay. He merely negatives certain assertions made in the plaintiff's affidavit by alleging that he earns sums less than those which are stated in this affidavit. It is true that he states that he is now receiving $25 a week; and, even if this be the limit of his income, the allowance of $10 per week for the support of his wife and the three children does not seem to be in any degree excessive. The order should be affirmed, with $10 costs and disbursements.

O'BRIEN, J., concurs.

INGRAHAM, J. I concur with the presiding justice that the order appealed from should be affirmed. The legislature has given this court jurisdiction to decree a divorce where the plaintiff was a resident of the state where the offense was committed, and is a resident thereof when the action was commenced, or where the parties were married within this state, irrespective of the residence of the defendant or the service of process on him within this state. Whether or not other states or foreign countries will recognize a decree granted where the defendant is not personally served within this state, or does not appear in the action, cannot affect the jurisdiction of this court or the validity of the decree within this state. It is enough for us that by express provision of law this court is given jurisdiction to entertain this action, and to make a decree which will be valid in this state, and in an action brought for a divorce the court is, by express provision of the Code, given power to grant alimony and counsel fee. The fact that this court has refused to recognize judgments rendered in courts of other states where such courts have not obtained jurisdiction over the person of the defendant by service of process upon him within the state in which the divorce is granted, is no reason why the courts of this state should refuse to exercise the jurisdiction expressly given to them by law. I also concur with the presiding justice that the amount awarded by the order appealed from was, under the circumstances, reasonable.