GOULD v. JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS.,
et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. INSURANCE—ASSIGNMENT OF POLICY—PURPOSE—EVIDENCE.

In an action for the proceeds of a life insurance policy, evidence *held* sufficient to require submission to the jury as to question whether the assignment of the policy was absolute or as security.

2. EVIDENCE—ADMISSIONS AGAINST INTEREST.

Where, in an action for the proceeds of an insurance policy, defendant, as a witness for plaintiff, testified that an assignment of the policy to him was absolute, plaintiff was entitled to prove admissions by defendant that the assignment was for security, though such admissions were not competent for the purpose of impeachment.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence. §§ 786–796; vol. 50, Cent. Dig. Witnesses, §§ 1097, 1215, 1269.]

3. RELEASE—EXECUTION—MENTAL INCOMPETENCY.

In an action by an executrix, in which defendant set up a general release executed by decedent, plaintiff was entitled to show that at the time the release was executed decedent was mentally incompetent, by reason of the use of drugs and liquors.

[Ed. Note.—For cases in point, see vol. 42, Cent Dig. Release, §§ 30–45.]

Appeal from Trial Term.

Action by Ellen Gould, as executrix of Libbie A. Werner, against the John Hancock Mutual Life Insurance Company of Boston, Mass., and another. From a judgment dismissing plaintiff's complaint, she appeals. Reversed and remanded.

The action is upon a policy of insurance issued by the defendant the John Hancock Mutual Life Insurance Company upon May 26, 1902, for the sum of $2,000 upon the life of one Elizabeth A. Phillips, who afterwards married one Werner, and who was thereafter known as Libbie A. Werner, and was the plaintiff's testatrix. The policy was made payable to her executors or administrators, and contained a provision that the insured could change the beneficiary, subject to the rights of any assignee of the policy. Libbie A. Werner died September 6, 1905. The defendant Samuel T. Fisher claims the entire amount of the policy under an assignment absolute upon its face executed by said Libbie A. Werner to him on the 28th day of May, 1902. The plaintiff claims as the executrix of said Libbie A. Werner to recover the entire amount of such policy except not to exceed the sum of $165 of indebtedness of said Libbie A. Werner to said Samuel T. Fisher, and the further amount of any moneys advanced by said Fisher for premiums on the policy. The defendant life insurance company is indifferent to the claims of the respective parties, and has paid the amount of the policy into court, and has been discharged from the action. The plaintiff claims and alleges that the said Libbie A. Werner also claimed in her lifetime that the assignment of the policy from her to Fisher was obtained by fraud as an assignment absolute on its face, and that the assignment was in fact intended only as security for her indebtedness to him, and for any moneys that he might advance to her or for her benefit. At the close of the testimony in the case plaintiff's complaint was dismissed, and from the judgment of dismissal the plaintiff appeals.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Nathaniel Niles, for appellant.
Martin T. Nachtmann, for respondents.

CHESTER, J. We think the evidence presented a fair question for the determination of the jury in the first instance, and therefore that the learned trial court was in error in dismissing the complaint. While the assignment of the policy in question was absolute on its face, yet one of the questions litigated was whether it was in fact given as security only. The plaintiff's husband testified that the defendant Fisher came to his house in December, 1904, and there had a conversation with Mrs. Werner, and that in that conversation the witness heard Fisher say with reference to the policy in question:

"That he held that policy for money that she owed him—between $150 and $160—and she claimed that she didn't owe him any such amount. Well, he said he should hold that policy until he was paid what she owed him. After that he didn't care what became of the policy; after he got his money."

Ross, another witness for the plaintiff, testified in substance to the same effect. Fisher, it is true, denied these statements, but they had some corroboration in an expression made by him upon the examination of plaintiff's counsel as to an interview between him and the insurance agent, through whom the policy was issued, in response to a question as to the consideration of the assignment thereof, when he said that:

"She [Mrs. Werner] owed me considerable money, and of course I took that [the policy] out at the time with the full understanding that it was my property, and it passed to me as such for whatever interest I had at the time."

With his evidence and these statements in the case, there was presented a clear question for the jury.

The respondent urges, however, that the plaintiff having put the defendant Fisher upon the stand as a witness in support of her case, and he having testified that his interest in the policy was absolute, she could not thereafter impeach his testimony by showing that he had made admissions at another time tending to impair his credibility. Such admissions, it is true, could not probably be received if the only purpose of receiving them was to impeach him; but that was not the only purpose, and they were competent evidence against him of the facts contained in such admissions. Cross v. Cross, 108 N. Y. 628, 15 N. E. 333.

The respondent put in evidence certain receipts and releases signed by Mrs. Werner of all claims against him, and also a general release, in which she released him from any matter or alleged controversy growing out of any life insurance, or policy, or assignment thereof. The general release bears date the 12th day of June, 1905. The plaintiff offered testimony tending to show that at or about that date Mrs. Werner was incompetent by reason of the use of drugs and liquors to make such an instrument, and this evidence was excluded. The defendant having brought this release in as an element of his defense, it was properly the subject of attack by the plaintiff, and she should have been permitted to show, if she could, that Mrs. Werner was incapable of making such a contract at the time she made it. It is not apparent how the other receipts and releases would affect the plaintiff's right to recover the moneys payable upon the policy over and above such amounts as the deceased owed to Fisher for moneys loaned and for premiums

paid, in case the jury should find that the assignment was not absolute, but was for security only.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

