HANSEN v. AMERICAN SECURITY & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

CORPORATIONS (§ 668*)—ACTION AGAINST—SERVICE—SETTING ASIDE.

> Where, in an action against a foreign corporation as executor and trustee, service of summons containing a notice, pursuant to Code Civ. Proc. §§ 419, 420, that judgment for a certain sum with interest and costs will be taken against defendant in case of its default, which notice is authorized only in an action at law for the recovery of money only, is attacked on the ground that such service is unauthorized under section 432, subd. 3, authorizing such service only when the director has been designated by the corporation as a person to be served, or where the person designated to be served cannot be found, and "the corporation has property within the state, or the cause of action arose therein," and where plaintiff seeks to sustain the service under section 1836a, conferring jurisdiction in cases against a foreign executor and on the ground that the process server was unable to make service otherwise, but fails to state any fact tending to show that he has any cause of action against defendant which arose in the state or elsewhere, and, in contradiction of the notice of the summons, claims that his suit is in equity, the service will be vacated.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

Appeal from Special Term, New York County.

Action by Dethlef C. Hansen against the American Security & Trust Company, a foreign corporation, etc., and others. From an order denying defendant's motion to vacate the service of summons, the defendant named appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

John A. Garver, of New York City, for appellant.
Mirabeau L. Towns, of New York City, for respondent.

LAUGHLIN, J.   The title of the action shows that appellant is a foreign corporation, and is sued as executor and trustee under the last will and testament of Thomas F. Walsh, deceased, who was a resident of Washington, D. C.

The service on the appellant was of the summons only, and it was made on one of the directors.   The summons contained a notice that judgment for $52,500 with interest from the 18th day of June, 1913, together with costs of the action, would be entered against the appellant in case of its default in appearing or answering.   It will be observed that this notice was only appropriate to an action at law for the recovery of a sum of money only.   Code Civil Procedure, §§ 419, 420.

The service is sought to be sustained by virtue of the provisions of section 1836A of the Code of Civil Procedure, which appear to give our courts jurisdiction in actions by or against a foreign administrator or executor.   Service on one of the directors of the appellant, however, is only authorized by section 432, subd. 3, of the Code of Civil Procedure, which provides that it may be so made if a designation of a person upon whom service may be made filed by the corporation pursuant to the provisions of section 16 of the General Corporation Law is not in force, or, if the person so designated or an officer specified in subdivision 1 of that section cannot be found in the exercise of due diligence, and "the corporation has property within the state, or the cause of action arose therein."   The ground upon which the respondent attempts to sustain the service in this regard is that the cause of action arose within this state, and that after due diligence the process server was unable to make service otherwise than upon the director. The process server in his affidavit says that the cause of action arose within this state, "as will appear upon the filing of the complaint herein, and also appears by the attached affidavit" of the plaintiff. With respect to the cause of action and where it arose, plaintiff, in his affidavit, merely avers the legal conclusion that it arose within the state of New York, and he says that it is a suit in equity to enforce an attorney's lien for money due under a contract "whereby Thomas F. Walsh, deceased, would be a proper defendant and the said American Security & Trust Company, a foreign corporation, as executor and trustee under the last will and testament of the said Thomas F. Walsh, deceased," and that the contract on which the suit is based was entered into between one Violette Watson and the plaintiff, and that his cause of action is meritorious and he desires in good faith to prosecute it.

It was incumbent on the plaintiff, when the service was thus attacked, to show not only that he has a cause of action, but that it arose within this state.   This he did not do.   He fails to state a single fact tending to show that he has any cause of action against appellant which arose in this state or elsewhere; and the notice of the summons gives rise

to the presumption, in view of the claim now made that the suit is in equity, that the action was not brought in good faith.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.  All concur.

