EASTERN PRODUCTS CORPORATION, Plaintiff, *v.* TENNESSEE COAL, IRON AND RAILROAD COMPANY, Defendant.

(Supreme Court, New York Special Term, February, 1918.)

Process — service of, upon foreign corporation — corporations — when service upon secretary of state   set aside — motions and orders.

   Where the designated agent for the service of process upon a foreign corporation authorized to do business in this state dies, and the corporation designates no other person in his place, the service of the summons upon the secretary of state in an action against said corporation upon a liability arising without this state is futile, where the defendant is not shown to have property in this state, and on motion will be set aside.

MOTION to set aside service of the summons upon defendant.

O'Brien, Boardman, Harper & Fox, for plaintiff.

William W. Corlett, for defendant.

BIJUR, J.    This motion is made to set aside the service of the summons upon defendant.    Defendant is a corporation of Tennessee, which in 1892 procured a certificate of authority to do business in the state of New York pursuant to sections 15 and 16 of the General Corporation Law, and designated one Sloat as its agent for service of process in this state.    Subsequently Sloat died and defendant designated no other person in his place.    In October, 1917, plaintiff attempted to serve this summons upon defendant by delivering a copy to the secretary of state.    No copy of the complaint was served with the summons. Defendant served a notice of special appearance, with a demand for a copy of the complaint, which was thereupon served upon defendant's attorney.    In his notice of special appearance defendant's attorney stated that he waived no rights to contest the service of the summons or to set the same aside or to contest the jurisdiction of the court to hear and determine the subject matter of the action, and that the defendant did not appear generally in the action.    Section 16 of the General Corporation Law provides that in a contingency like the one disclosed in this case process against the corporation may be served upon the secretary of state ''in an action upon any liability incurred within this state,'' and section 432, subdivision 4, of the Code of Civil Procedure, providing for a similar contingency, permits process against the corporation to be served upon the secretary of state ''in an action upon any liability incurred within this State or if the corporation has property within the State.''    The plaintiff urges, at the outset, that defendant's notice of appearance is not a special appearance to contest the jurisdiction of the court over its person, but is tantamount to a general appearance, particularly as it demanded a copy of the complaint.    It is difficult to see, however, how a

defendant under these circumstances can enter a mere special appearance without demanding a copy of the complaint, since it is not possible to ascertain without an examination of the complaint whether the cause of action is one covered by the provisions of law which I have quoted, namely, based "upon a liability incurred within this state." I do not think that the defendant, by this notice of appearance, waived any of its rights to contest the jurisdiction of the court over its person, but that such appearance was a special and not a general one. It is clear that plaintiff has not shown that the case comes within the provisions cited in that it has not shown that the corporation has property within the state, and it concedes that the cause of action is not one based on a liability arising within the state. That the burden is upon the plaintiff to show that the case comes within the provisions of the law permitting service has been held in *Hansen* v. *American Security & Trust Co.,* 159 App. Div. 101, and *Wilcox* v. *Philadelphia Casualty Co.,* 136 id. 626. See also *Gursky* v. *Blair,* 164 id. 612; affd., 218 N. Y. 41. The plaintiff urges that there is a presumption that the defendant has property within the state of New York. While it may be true that there may be a presumption that a foreign corporation licensed to do business in this state continues to do such business (see *Burke* v. *Galveston, H. & H. R. R. Co.,* 173 App. Div. 221), it does not follow that there is a presumption that it has or ever had any property within the state. Whatever may have been defined as " doing business in the State," it seems quite clear to me that from the mere fact that a foreign corporation has chosen to secure a certificate permitting it to do business in this state we cannot infer that it had at that time or now has property in this state. I am unable to follow the argument of plaintiff's counsel which appears to sug-

gest that notwithstanding the provisions of law above quoted defendant is liable to service of process through service upon the secretary of state alone in an action upon a liability incurred outside of the state.   Plaintiff's counsel's reference to *Bagdon* v. *Philadelphia & R. C. & I. Co.,* 217 N. Y. 432, seems to me to be entirely inept.   The service of process discussed in that case was upon the agent actually designated by the foreign corporation, and the opinion of the court by Cardozo, J., lays particular stress upon the considerations that the stipulation designating a person upon whom process may be served within this state is therefore " a true contract."   The person designated is a true agent.   The consent that he shall represent the corporation is a " real consent."   The very contrary is true of the case at bar.   The person served, namely, the secretary of state, is not the agent designated by the defendant.   He is not, therefore, as described in the *Bagdon* case, its "true agent," nor is there any "real consent."   The agency of the secretary of state and the consent that he be served are purely constructive, arising out of the operation of the statute.   It seems to be well settled that service upon such an agent of process in an action based on liability arising without the state is futile.   See *Simon* v. *Southern R. Co.,* 236 U. S. 115; *Dollar Co.* v. *Canadian C. & F. Co.,* 220 N. Y. 270; *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U. S. 189.

Motion granted, with ten dollars costs.