EDITH M. BAYLIES, Respondent, v. GUSTAVUS BAYLIES, JR., Appellant.

Second Department, May 6, 1921.

Husband and wife — divorce — decree for alimony granted by default on personal service in foreign State on non-resident under order for publication is invalid — essentials of due process of law for money judgment.

A provision for alimony in a decree for divorce, granted by default against a non-resident defendant served personally without the State under an order for publication, and a money judgment entered thereon are invalid.

In a divorce action the court has no power to decree alimony or even costs against a non-resident defendant, who is served by publication or service without the State and does not appear.

Service within the State or a voluntary appearance constitutes the essentials of due process of law for a money judgment.

KELLY, J., dissents, with memorandum.

APPEAL by the defendant, Gustavus Baylies, Jr., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 17th day of January, 1921, which denied a motion by defendant (appearing specially) to vacate the alimony provision of a decree of divorce made July 23, 1889, for support of the wife and son, with leave in case of defendant's default, to enter a money judgment therefor; also to vacate a money judgment upon such award of alimony entered December 7, 1920.

Plaintiff and defendant were married in Brooklyn on June 13, 1882. After birth of a son the defendant in 1889 left Brooklyn and journeyed in the west. This was followed by the wife's suit for divorce in the Supreme Court, Kings county. On April 18, 1889, an order for publication of the summons was granted upon an affidavit that defendant was then in Ohio. The summons was personally served on defendant in Ohio, who defaulted, and on July 23, 1889, judgment was rendered for divorce, also granting alimony, with a power to enter up a money judgment for unpaid arrears of alimony. A certified copy of the judgment appears to

have been mailed to defendant in Ohio; the receipt thereof is confirmed by defendant's letters. No alimony was paid. A money judgment was entered for $21,603.20. In the meantime defendant had married in Ohio. Defendant's motion to vacate this judgment and the alimony provision of the divorce decree was denied, from which he appeals.

*Dean Potter,* for the appellant.

*Clark A. Wick,* for the respondent.

PUTNAM, J.:

So much of this decree as directs payment of alimony is in question. Could it bind an absentee? Can a money judgment thus taken by default stand because it is a part of divorce proceedings, or must jurisdiction be acquired by personal service, as in ordinary money judgments? Such a default judgment has two aspects. If in the proper form it can effectively dissolve the matrimonial *status.* But so far as it purports to make one not served within the State pay money the court has exceeded its powers. The absent defendant may, therefore, accept the *status* decreed, even by his remarriage, without binding himself to pay the money so adjudged. (*Rigney* v. *Rigney,* 127 N. Y. 408; *Rundle* v. *Van Inwegan,* 9 Civ. Proc. Rep. 328.) Without an appearance, the jurisdiction stops, when it dissolves the marriage, and incidentally disposes of the custody of those children who are within the jurisdiction, without power to decree alimony or even costs. (Cooley Const. Lim. [7th ed.] 584, 585; Black Judg. [2d ed.] § 933; *Lynde* v. *Lynde,* 162 N. Y. 405; *Burch* v. *Burch,* 116 App. Div. 865; *Bunnell* v. *Bunnell,* 25 Fed. Rep. 214, 216.) The case of *Rigney* v. *Rigney* (*supra*) controls the ruling in *Scragg* v. *Scragg* (63 Hun, 633; 18 N. Y. Supp. 487.)

Service within the State or a voluntary appearance constitutes the essentials of due process of law for a money judgment. (Freem. Judg. [4th ed.] § 567.) Hence, even for its own courts, no State can pass a law dispensing with these requisites. Such attempted exercise of State power would violate section 1 of the Fourteenth Amendment of the Federal Constitution. (*McGuinness* v. *McGuinness,* 72 N. J. Eq. 381.)

We, therefore, reverse the order and grant defendant's motion, but without costs.

BLACKMAR, P. J., MILLS and JAYCOX, JJ., concur; KELLY, J., dissents upon the ground that the defendant by his acceptance of the decree and his acts thereunder for the past thirty years is estopped from now questioning its validity.

Order reversed and motion granted.