J. W. G. POWELL, Appellant, *v.* HOME SEEKER REALTY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, March 14, 1928.

Corporations — foreign corporations — service of summons in transitory action arising out of State was made on Secretary of State as agent for Florida corporation — service invalid under General Corporation Law, § 16-b, or Civil Practice Act, § 229 — objection to jurisdiction taken after judgment — judgment vacated — special appearance.

Service of a summons by the plaintiff, a resident of this State, upon the Secretary of State as agent for defendant, a Florida corporation, based upon a transitory cause of action arising either in Florida or North Carolina, was invalid, under either section 16-b of the General Corporation Law or section 229 of the Civil Practice Act, since service upon an agent designated solely by a statute of the State wherein the suit is brought, is valid only in respect to a cause of action originating in that State; service in this case violates the due process of law clause of the Federal Constitution.

The defendant was not deprived of its objection to the jurisdiction over its person by failing to move before rather than after judgment.

The order vacating the judgment against the defendant and the service of process should be affirmed.

A mere special appearance in an action is ineffective to delay the entry of judgment and still less to warrant a defendant in moving to dismiss the complaint, so that in so far as this case is involved the special appearance made by defendant did not prevent plaintiff from entering judgment upon defendant's default.

APPEAL by the plaintiff from an order of the City Court, county of New York, granting the motion of defendant to open its alleged default and to vacate the service of the summons upon it.

*Sidney S. Bobbe*, for the appellant.

*Metcalf, Reilly & Allen* [*Orlando P. Metcalf* of counsel], for the respondent.

BIJUR, J. Plaintiff is a resident of the city of New York. Defendant is a Florida corporation. The defendant received authority to

do business in this State on November 4, 1922, and in connection therewith designated one Evans, at 565 Fifth avenue, as the person to receive service of process on its behalf within the State. Some time prior to March 31, 1927, plaintiff sought to serve the summons on defendant's appointed agent but was unable to find him at the address indicated and was informed that the agent had removed to Florida. He thereupon had the summons served upon the Secretary of State. On April 6, 1927, defendant's attorneys served upon plaintiff's attorney a paper entitled " Notice of special appearance " in which a copy of the complaint was demanded and thereto added a special disclaimer of general appearance in the action. On April 23, 1927, plaintiff entered judgment against defendant as upon default in appearance. The motion upon which the order appealed from was predicated was thereupon made and determined on May sixth. The learned judge construing the decision in *Eastern Products Corporation* v. *Tennessee C., I. & R. Co.* (102 Misc. 557 [1918]) as prescribing the effective mode of entering a special appearance in an analogous case, has held that defendant " is entitled in consequence to attack the manner of service." He has also said that he favors the defendant's contention that section 111 of the Stock Corporation Law (now Gen. Corp. Law, § 16-b) prescribing service like that in the instant case applies only to a cause of action which arose within this State. I think that the result reached was the correct one, but if the matter be allowed to stand without further explanation the reasons for our affirmance might be misunderstood. In the first place, the decision in the *Eastern Products Case* (*supra*) was directed solely to the question whether a special appearance coupled with a demand for a copy of the complaint necessarily imports a general appearance. It was held that it did not and it was added that the demand for a copy of the complaint seemed to be quite natural under the circumstances since without it defendant could not well determine definitely whether the cause of action arose within the State — a requirement of the then effective section 432, subdivision 4, of the Code of Civil Procedure. As matter of fact, as the opinion shows, a copy of the complaint was actually served in that case in response to the demand. The motion in the *Eastern Products* case was made solely to set aside the service of the summons. No judgment had been entered and there was no circumstance in the case to suggest the formulation of a rule in respect of the effect of a special appearance unless made coincidentally with a motion to vacate service. Since then the Court of Appeals in *Muslusky* v. *Lehigh Valley Coal Co.* (225 N. Y. 584) has held that a *mere* special appearance is ineffective to delay the entry of judgment and still

less to warrant defendant in moving to dismiss the complaint. So far, therefore, as the " special appearance " here is concerned, plaintiff was warranted in entering judgment as upon default under the authority of that decision. That much having been · settled, it is also clear that defendant was not deprived of its objection to the jurisdiction over its person by failing to move before rather than after judgment. (*Muslusky Case, supra*, 587. See, also, *Jones* v. *Jones*, 108 N. Y. 415, 425.) The question then arises whether the service was valid. This question resolves itself into two separate inquiries: (1) Whether the service was made in compliance with the requirements of our own statutes, without which of course it would be ineffective for any purpose; and (2) whether in the event of such compliance it may be regarded as valid within the " due process " decisions of the United States Supreme Court.

As to (1): On the date when service upon the defendant was made, namely, March 31, 1927, the last revision of the General Corporation Law of the State (Laws of 1927, chap. 425) had become effective. It provides in section 16-b that in the event of the death, resignation or removal from the State of the person previously designated by the corporation to receive service, and in the absence of any other designation, the Secretary of State becomes the agent of the corporation upon whom all process in any action or proceeding against it may be served in this State. On the other hand, section 229 of the Civil Practice Act (Laws of 1920, chap. 925) provides that in the same event service might be made upon the Secretary of State " upon any liability incurred within this state." Appellant contends that the situation is governed by the General Corporation Law and that, therefore, service so far as our statute is concerned in the instant case was good without regard to where the liability of the defendant had arisen. Respondent on the other hand alleges that the provision of the Civil Practice Act must govern, and, therefore, that the service is ineffective unless .it be shown that the liability arose within this State.

It is not necessary to resolve this apparent conflict between the State statutes because in our opinion under the decisions of the United States Supreme Court the services cannot be sustained under either statute unless the liability had been incurred within this ·State. Apart from that consideration, there might be some difficulty in determining the present state of the local law. The history of the legislation gives comparatively little aid. Since the amendment by Laws of 1851, chapter 479, of section 134 of the Code of Procedure (Laws of 1848, chap. 379), service on foreign

corporations has been limited either wholly or partly by the requirement that the cause of action *shall have arisen within the State.* Section 432 of the Code of Civil Procedure (Laws of 1876, chap. 448) first authorized a foreign corporation to designate an agent to receive service and coupled service where he could not be found with the condition named. The amendment by Laws of 1892, chapter 687, of the General Corporation Law (Laws of 1890, chap. 563, §§ 15, 16) for the first time authorized the licensing of foreign corporations and imposed as a condition the appointment of an agent to receive process. If the agent could not be found the Secretary of State was authorized to revoke the authority of the corporation to do business within the State and process might be served thereafter upon the Secretary of State upon similar liability. It was not until the amendment of section 432 of the Code of Civil Procedure by Laws of 1909, chapter 65, that the Practice Code was at least partially correlated with the General Corporation Law. Again the same restriction as to liability incurred within the State was imposed as a condition for " substituted " service upon the Secretary of State in the event that the agent could not be found. This was substantially re-enacted as section 229 of the Civil Practice Act (Laws of 1920, chap. 925). By Laws of 1923, chapter 787, the provisions of sections 15 and 16 of the former General Corporation Law were incorporated in changed form into sections 110 and 111 of the Stock Corporation Law. A prerequisite to the licensing of a foreign corporation was the *original* designation of the Secretary of State as its agent for receipt of process (instead of any person selected by the corporation), and the provision that the Secretary of State might revoke the license if the agent could not be found was naturally eliminated. But the further provision in subdivision 2 of section 111, continuing the designations previously made by foreign corporations previously licensed was also altered so that, in the event of the death, resignation or removal from the State of the person so designated " the secretary of state shall be the agent of the corporation upon whom all process in any action or proceeding against it may be served within the state." It will be observed that for the first time service upon the Secretary of State as the substituted agent of the corporation was not limited to causes of action arising within the State.

By the last revision of the General Corporation Law by Laws of 1927, chapter 425, sections 110 to 112 of the Stock Corporation Law were retransferred to sections 15 to 16-i of the General Corporation Law, the provisions of section 111 of the former act being substantially re-enacted in section 15 of the latter. Meanwhile,

38

section 229 of the Civil Practice Act has remained unchanged. Probably the requirement since 1923 that a foreign corporation appoint the Secretary of State as its agent was regarded (for reasons which will be later explained) as rendering unnecessary any restriction upon the local origin of causes of action. Whether, however, the elimination of that limitation in respect of corporations previously licensed was inadvertent or intentional, and the corresponding question whether the provisions of the General Corporation Law or those of the Civil Practice Act must be held to govern the instant case, might present a puzzling question were it not that Federal decisions furnish a determinative answer.

We come then to the second branch of the question, namely, the validity of this service under Federal decisions. It will be evident to any one familiar with the cases in the Supreme Court of the United States affecting this subject that the respective draftsmen of our legislation endeavored to keep pace in some degree at least with the progress of the Federal adjudications, beginning as early as *Pennoyer* v. *Neff* (95 U. S. 714 [1877]) and continuing through *Goldey* v. *Morning News* (156 id. 518 [1894]); *Mutual Life Ins. Co.* v. *Spratley* (172 id. 602 [1899]) and *Mutual Reserve, etc., Association* v. *Phelps* (190 id. 147 [1903]) to the more recent decisions which I shall discuss. The trend of these decisions so far as material to the present controversy since *Simon* v. *Southern Railway Co.* (236 U. S. 115 [1915]) has been that service on an agent designated solely by a statute of the State wherein the suit is brought is valid only in respect of a cause of action originating within that State. In *Bagdon* v. *Philadelphia & Reading C. & I. Co.* (217 N. Y. 432 [1916]) the distinction was drawn by our Court of Appeals per CARDOZO, J., between a " true agent " *expressly* appointed upon a " stipulation " (under the then General Corporation Law, section 16) which is " a true contract " importing " a real consent," and an " imputed or implied consent " to service upon an agent presumed by statute to be the agent of the company for that purpose upon a " fiction of consent." In the former case the service is good even as to a transitory cause of action; in the latter as declared in the *Simon Case* (*supra*) it is good only as to a cause of action originating within the State. This interpretation of the significance of the *Simon* case was accepted by the Supreme Court of the United States in *Penn. Fire Ins. Co.* .v. *Gold Issue Mining Co.* (243 U. S. 93 [1917]). In *Tauza* v. *Susquehanna Coal Co.* (220 N. Y., 259 [1917]) our Court of Appeals went further and in an opinion by the same judge held good the service of process in a transitory action where the foreign corporation was actually doing business within this State, without, however, having received

a license and where the service was made upon an actual agent of the company in charge of the company's business in this State. It will thus be seen that no case has gone to the length of holding valid process in a suit based upon a transitory cause of action served upon any other than a true agent of the foreign corporation *actually* appointed either in the course of its business or under the statute for the purpose of receiving service of process. From these decisions I venture to draw the conclusion that service upon an implied agent suggested by statute in the event of the disqualification of the true agent must be limited to process in actions based upon liability arising within the State. The entire subject has been a troublesome one to the Supreme Court of the United States, which has sought to pursue a consistent course between recognition of the peculiar nature of the corporate entity (*Bank of the U. S.* v. *Deveaux,* 5 Cranch, 61 [1809]), the need of keeping interstate commerce untrammeled (*Atchison Railway Co.* v. *Wells,* 265 U. S. 101 [1924]) and the necessity of protecting foreign corporations engaged in nationwide activities from undue and perhaps unfair inconvenience. (*Davis* v. *Farmers Co-operative Co.,* 262 U. S. 312, 316 [1923].) Although the United States Supreme Court has not expressly passed upon the particular point before us there are expressions which, in addition to the actual holding in the *Simon Case (supra),* indicate its attitude. In *Missouri Pacific R. R. Co.* v. *Clarendon Co.* (257 U. S. 533, 535 [1922]) it was said by Chief Justice TAFT: " Indeed, so clear is this that, in dealing with statutes providing for service upon foreign corporations doing business in the State upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction where possible, that would exclude from their operation causes of action not arising in the business done by them in the State." (See, also, *Mitchell Furniture Co.* v. *Selden Breck Co.,* 257 U. S. 213.)

In passing, it may be recalled that the last word from our Legislature on this subject is section 15 of the General Corporation Law of 1927 which requires a foreign corporation licensed to do business within this State, *after the enactment of the law,* to designate the Secretary of State as its agent for process and provides adequately for his transmission of the process to the foreign corporation itself. This enactment was manifestly designed to meet any question in the future whether the agent to receive process was actually the true appointee of the foreign corporation. In my opinion the service in the instant case upon the Secretary of State as the alternative or substituted agent of the defendant for service of process designated by statute is invalid under the Federal

decisions because based upon a transitory cause of action arising either in Florida or North Carolina as the moving papers disclose. Plaintiff has not overcome, if indeed it has at all met, the defendant's proof in that regard. (*Hansen* v. *American Security & Trust Co.,* 159 App. Div. 801, 803; *Willcox* v. *Philadelphia Casualty Co.,* 136 id. 626, 627.) The general validity of the statute under which the service is made is not affected because, in harmony with controlling decisions, the statute is to be interpreted as authorizing service only where the same can constitutionally be made. (*Dollar Co.* v. *Canadian Car & F. Co.,* 220 N. Y. 270, 275.) Under the circumstances it is apparent that plaintiff cannot sustain the service of process upon the defendant as valid, and the order vacating the judgment and the service of process should be affirmed, with ten dollars costs and disbursements.

All concur; present, BIJUR, LEVY and CRAIN, JJ.