A. WILFRED MAY, Respondent, *v.* MARGARET S. MAY, Appellant.

First Department, November 27, 1931.

*Bernard Hershkopf* of counsel [*I. Gainsburg*, attorney], for the appellant, appearing specially.

*Jacob L. Steisel* of counsel [*Howard E. Reinheimer*, attorney], for the respondent.

O'MALLEY, J. The parties to this action were married in the city and State of New York and resided together there until about May, 1930. They then separated, the defendant wife taking custody of the child of the marriage, a boy now about four years of age.

On March 29, 1931, the defendant wife left New York city and

went to the State of Nevada, accompanied by the child. Plaintiff husband thereupon commenced this action for separation, and pursuant to the provisions of section 235 of the Civil Practice Act (as amd. by Laws of 1930, chap. 833), the summons and complaint herein were served upon the defendant in Nevada on April 20, 1931. The complaint, proceeding upon the theory of abandonment, prayed for an award to the plaintiff of the custody of the child as an incident of the main relief sought.

On May 8, 1931, the plaintiff obtained an *ex parte* order awarding him such custody and directing the defendant to show cause why she should not be required to turn over the child to the plaintiff; why she should not be restrained from in any way interfering with plaintiff's custody; why she should not be enjoined from seeking a divorce or separation from the plaintiff in the courts of Nevada, and from applying for the guardianship of the son in that jurisdiction. This order to show cause was likewise not served within this State, but in Nevada. Upon the return day of the motion the defendant appeared specially to contest the jurisdiction of the court.

The court has jurisdiction of the action. While it has obtained as yet no jurisdiction of the person and hence may not proceed *in personam*, it has jurisdiction of the marital status and may adjudicate with respect to such *res*. (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562.)

Even in the case of a resident of this State leaving the jurisdiction to evade its process, the court in such an action founded upon constructive service may go no further than to adjudicate with respect to the marital status, and notwithstanding the provisions of the Civil Practice Act, may not award alimony or costs so as to charge such absent resident personally therewith. (*Rigney* v. *Rigney*, 127 N. Y. 408; revd., on other grounds, *sub nom. Laing* v. *Rigney*, 160 U. S. 531; *Baylies* v. *Baylies*, 196 App. Div. 677; *Edwards* v. *Edson*, 119 id. 684; *Burch* v. *Burch*, 116 id. 865.)

The *ex parte* order awarding custody of the child to the plaintiff and the order granting the motion to sustain such *ex parte* order were both improperly made. It is true that where both parties are before the court, custody of a child or children without the jurisdiction may be made. That, however, may be done merely because the parties are personally before the court, which, by virtue of its control over such persons, may enforce its commands with respect to each. (*People ex rel. Ludden* v. *Winston*, 34 Misc. 21; affd., 61 App. Div. 614; *People ex rel. Billotti* v. *New York Asylum*, 57 id. 383; *People ex rel. Dunlap* v. *New York Asylum*, 58 id. 133 )

It is equally true that a proper order for the custody of the child

may be made where the child itself is before the court, though neither of the parents nor other proper guardians be personally in the jurisdiction. (*Finlay* v. *Finlay*, 240 N. Y. 429; *Matter of Thorne*, Id. 444; *Matter of Hubbard*, 82 id. 90.) Here, however, neither the defendant mother nor the infant child was within the jurisdiction or before the court. Under these circumstances the court was without authority to decree with respect to the custody of the child. It has been so held in numerous jurisdictions where the question has been presented. (*De La Montanya* v. *De La Montanya*, 112 Cal. 101; *Grinbaum* v. *Superior Court*, 192 id. 566, 568; *Steele* v. *Steele*, 152 Miss. 365; 118 So. 721; *Payton* v. *Payton*, 29 N. Mex. 618; 225 Pac. 576; *Kline* v. *Kline*, 57 Iowa, 386; *Rodgers* v. *Rodgers*, 56 Kan. 483; *Duryea* v. *Duryea*, 46 Ida. 412; 269 Pac. 987; *Mollring* v. *Mollring*, 184 Iowa, 464; 167 N. W. 524; *Kenner* v. *Kenner*, 139 Tenn. 211–213; 19 C. J. 367.) This conclusion is sustained by implication, at least, in two decisions in this jurisdiction (*Baylies* v. *Baylies*, *supra*, 677, 678; *Matthews* v. *Matthews*, 247 N. Y. 32, 35). In *Baylies* v. *Baylies* (*supra*), wherein it was held that a money judgment in an action for divorce, where the defendant was constructively served, was void, it was stated: " Without an appearance, the jurisdiction stops, when it dissolves the marriage and incidentally disposes of the custody of those children *who are within the jurisdiction,* without power to decree alimony or even costs." (Italics ours.)

In *Matthews* v. *Matthews* (*supra*) it was said: " All that the court may do is to fix the marital relations of one of our citizens. It may decree the divorce or the separation; it may fix the custody of children, *at least if they are within* the State; but it may not dispose of a non-resident's property which is not in its possession." (Italics ours.)

The respondent places much reliance upon the case of *McGuinness* v. *McGuinness* (72 N. J. Eq. 381); particularly as it is cited with approval in *Matthews* v. *Matthews* (*supra*). A reading of the opinion in *McGuinness* v. *McGuinness* (*supra*), and of that of the chancellor below (71 N. J. Eq. 1), nowhere discloses that the children whose custody was awarded to the plaintiff's wife in the State of New Jersey were without the jurisdiction. It was held merely that the service of the defendant by publication was sufficient to give the court jurisdiction of the matrimonial status, and as an incident thereto, the court had authority to decree with respect to the custody of the children.

We are further of opinion that the court at Special Term also improperly granted the motion for injunctive relief. While it is true, of course, that the court has power to enjoin one served

within the State from prosecuting an action in another jurisdiction (*Greenberg* v. *Greenberg*, 218 App. Div. 104), and that such relief, if granted here, would be in furtherance of the court's power to adjudicate in respect to the *res*, it would be a mere futile gesture under the circumstances here presented. There could be no contempt predicated upon the service of such an order without the jurisdiction. (*Ebsary Gypsum Co.* v. *Ruby*, 256 N. Y. 406.) It is to be noted, too, that the complaint in its prayer for judgment sought no such relief.

It is true, of course, that if the injunction were permitted to stand, it would remain in effect and become operative upon service on the defendant within the jurisdiction, should she come within the State. To this extent, and this only, would the order have any practical effect. However, should the defendant again come within the State and subject herself to the court's jurisdiction, the plaintiff may then assert available remedies.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Finch, P. J., McAvoy, Martin and Townley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.