SAMUEL COHEN, Plaintiff, v. MAE COHEN, Defendant.

Supreme Court, Special Term, Bronx County, November 3, 1948.

*Maurice G. Fleischman* for plaintiff.

*Curtis & Warren* for defendant.

BENVENGA, J. Motion to punish defendant for contempt. The parties to this action were married in the borough of The Bronx and have lived in this State continuously since November, 1930. In September, 1947, defendant wife told plaintiff that she was going to the State of Arkansas for a divorce, intending to remarry. She thereupon abandoned plaintiff and their two infant children. Within a short time, plaintiff received a letter from an Arkansas attorney asking plaintiff to consent to a divorce. Enclosed in the letter were a proposed consent and appearance. Upon receipt of the letter, plaintiff brought an action for separation on the ground of abandonment, and moved for an order restraining and enjoining defendant from prosecuting the divorce action. The notice of motion and the summons and complaint were personally served upon defendant in Arkansas. Subsequently an order was entered enjoining defendant from prosecuting the divorce action and from remarrying. A certified copy of this order was also personally served on defendant. In violation thereof, defendant proceeded with the divorce action, obtained a decree of divorce, married one Clifford Hyman in the State of Arkansas and returned with him to this State. The parties to that marriage are now living here as man and wife. Following her return to this State, defendant was personally served therein with an order to show cause why she should not be punished for a willful disobedience of the injunction order.

The question is whether, under the circumstances, this court has jurisdiction to punish for the alleged contempt. The contention that this court lacks jurisdiction is based upon the grounds: (1) that personal service of the injunction order was not made in the State of New York; (2) that, in any event, attempted service of the order in the State of Arkansas is void, because it was made by delivering a " true " copy, whereas the statute requires the delivery of a " certified " copy; and (3) that the " authenticating certificate " required by law is not attached or subjoined to the affidavit of service.

It is not disputed that New York was the matrimonial domicile of the parties and that they were residents of this State and actually living together at the time of the alleged abandonment. There can be no doubt, therefore, that this court had jurisdiction of the *res* or marital status and that jurisdiction of the

separation action was obtained by personal service of the summons and complaint in the State of Arkansas (*Jackson* v. *Jackson,* 290 N. Y. 512, 515–516; *Geary* v. *Geary,* 272 N. Y. 390, 399; see *Carnegie* v. *Carnegie,* 274 App. Div. 887). "Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service." (*Milliken* v. *Meyer,* 311 U. S. 457, 462; *Dirksen* v. *Dirksen,* 72 N. Y. S. 2d 865, 866.)

Nor can there be any doubt that, having acquired jurisdiction of the separation action, this court might, in the interest of justice, enjoin and restrain the resident defendant from prosecuting her action for divorce in the foreign jurisdiction (*Pereira* v. *Pereira,* 272 App. Div. 281, 284–285; *Greenberg* v. *Greenberg,* 218 App. Div. 104, 109, 112–116). The defendant having returned to this State with the injunction order still outstanding, and this court having acquired jurisdiction of her person by the service upon her in this State of the order to show cause (21 C. J. S., Courts, § 83), it would seem to follow that this court has power and jurisdiction to punish for a willful disobedience of its lawful mandate (Judiciary Law, §§ 750, 751; *May* v. *May,* 233 App. Div. 519, 520–521; 17 C. J. S., Contempt, § 64; 17 C. J. S., Contempt, §§ 78, 79; 43 C. J. S., Injunctions, § 270).

The case of *May* v. *May* (*supra*), upon which defendant relies, is authority against her. It was there held that "There could be no contempt predicated upon the service of such an [injunction] order without the jurisdiction", unless and until the defendant came within the State and subjected herself to the jurisdiction of its courts (*supra,* pp. 521–522). That is not the situation here. The defendant has come within the State and has subjected herself to the jurisdiction of its courts.

The contention that the service of the injunction order is void is without merit. The affidavit of service was sworn to by a deputy sheriff of Phillips County, Arkansas, who swears that he served "a certified copy" of the injunction order by delivering to and leaving personally with defendant "a true copy thereof". Attached to the affidavit is the certificate of the clerk of the Circuit Court, a court of record, within and for the county and State aforesaid, that the person before whom the affidavit was made was a notary public, duly authorized by law to administer oaths and take acknowledgments of deeds and that, therefore, the official act of such notary public was

entitled to good faith and credit. The affidavit, therefore, is properly authenticated (Civ. Prac. Act, § 359) and the service sufficient (Civ. Prac. Act, § 883).

The motion to punish the defendant for contempt is, therefore, granted. Settle order and mandate of commitment. Memorandum as to nature and extent of punishment will be received.