ANNETTE GORDY, Plaintiff, *v.* SANFORD GORDY, Defendant.

Supreme Court, Special Term, New York County, May 23, 1952.

*I. Louis Friedman* for plaintiff.

*Barney Rosenstein* for defendant appearing specially.

STEUER, J. This is a motion for alimony and counsel fees in an action for separation. The defendant was served in Nevada. He has appeared specially on this motion.

The first question is whether the defendant is a nonresident or a resident temporarily sojourning outside the State. It appears that the parties were married in 1929 and took up residence in this State at about that time. They maintained a marital domicile and raised a family here until 1952 when defendant went to Nevada. He claims that he is now a resident of that State. Aside from his oath to that effect not a single fact substantiates his position and under the circumstances the presumption of continued residence should and does prevail.

The second question is whether alimony can be awarded against a resident served without the State and who has not appeared in the action. As to a nonresident it is clear that it can not (*Reschofsky* v. *Reschofsky*, 272 App. Div. 694). And formerly it was equally clear that the ban applied to a resident served without the State (*May* v. *May*, 233 App. Div. 519). It has, however, been decided that the enactment of sections 232 and 235 of the Civil Practice Act changed the law in that respect (*Dirksen* v. *Dirksen*, 72 N. Y. S. 2d 865). These sections have to do with the manner of making personal service without the State and the actions in which such service can be used. As pointed out in the last-cited case the Judicial Council stated that the purpose of amending these sections was to " take advantage of " the decision of *Milliken* v. *Meyer* (311 U. S. 457)

wherein it was decided that a defendant domiciled within the State, though absent from it, is subject to a personal judgment through substituted service (see Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 59). This being the legislative intent the amendment is sufficient to effectuate it.

Thirdly, defendant alleges that the motion is prematurely brought. The motion papers were served with the summons and complaint. Section 235 of the Civil Practice Act provides that service made without the State shall be complete ten days after proof of it is filed. Proof was filed May 5, 1952, and service was complete May 15, 1952. The motion was returnable that day. The provision regarding filing proof of service is obviously designed to give a defendant an opportunity to contest the service and to extend the time given him to appear. It would not prevent taking such steps as may be taken before a defendant is required to appear. It might well be that a motion made returnable before the expiration of the ten days would be premature but not one served before that time.

Defendant has offered no proof of his financial circumstances. Accepting, therefore, plaintiff's proofs, $110 per week is awarded for the support of wife and daughter of defendant. Counsel fee $1,100, payable $500 June 15, 1952, balance when case appears on calendar for trial.