George T. Vandermeulen, J.
This is a motion by the plaintiff in the above-entitled action to modify the judgment of divorce granted by this court in her favor on April 3, 1950, by increasing the provision therein for the support of the child of the parties to the amount of $20 per week, and by inserting a provision therein requiring the defendant to pay alimony of $25 per week to the plaintiff.
The plaintiff’s affidavit in support of the motion recites the marriage of the parties on July 12, 1947 and the judgment of divorce granted by this court on April 3, 1950. It further states that the divorce judgment was modified by an order granted on September 20, 1951 increasing the amount awarded for the child’s support from $8 per week to $11 per week. She then recites the financial circumstances of herself, the child, and the defendant.
The defendant has submitted an affidavit in opposition to the motion, and, besides submitting facts bearing upon the question of his ability to pay and of the financial needs of the plaintiff and the child, also states facts challenging the court’s jurisdiction. Such jurisdictional facts are, briefly, that the defendant obtained a judgment of divorce from the plaintiff in the Chancery Court of Benton County, Arkansas on September 22, 1949 (which date is prior to the judgment granted by this court, *1049 which the wife is seeking to modify); that thereafter he continued to reside in the State of Arkansas where he was, in December, 1949, served with the summons and complaint in this action; that he did not appear in this action or authorize any appearance on his behalf.
When the plaintiff started this action in December, 1949, the defendant could have asserted the prior Arkansas divorce as a defense, but he failed to do so. He is therefore foreclosed from asserting at this time and in this manner.
Although in the case of Durham v. Durham (99 App. Div. 450) the issue raised was primarily a question of pleading and practice, nevertheless it was held that a judgment in favor of a wife in an action by her for separation from her husband was res judicata as to the validity of the marriage and was a bar to a subsequent action by him to annul the marriage. In the course of its decision the court said (p. 453): “It necessarily follows that if there existed no valid marriage it would have constituted a complete defense to the action for separation, for if established it would appear that the plaintiff never had a cause of action, as no legal obligation or duty upon the part of the defendant to her could possibly arise. The matter set forth in the present complaint [husband’s annulment complaint] was, therefore, available to the plaintiff in this action as a defense to the action for separation. The issue of marriage between the parties in the last-named action was directly and necessarily involved, and no judgment could proceed from the court in favor of the plaintiff therein unless it was established; consequently when judgment passed in that action in favor of the plaintiff, it necessarily established the existence of a'valid marriage, and so long as the judgment stands it is conclusive as to such question upon the parties to the litigation. * * * That such a judgment is res adjudicata was expressly held in Townsend v. Van Buskirk (22 App. Div. 441).” See D’Auria v. D’Auria (200 Misc. 939).
Neither of the eases above cited involved a prior foreign divorce decree, but I cannot conceive of any difference in principle from foreclosing a defendant, under the doctrine of res judicata from attacking a divorce or separation decree by asserting that he was not then married or that his marriage was voidable, and foreclosing him from attacking the decree on the ground that he was not married because of a prior divorce. (See, also, 18 Carmody-Wait on New York Practice, p. 219; Chapman v. Chapman, 284 App. Div. 504 [obiter dictum].)
In discussing the matter of jurisdiction in matrimonial actions the dual aspect of such actions must be borne in mind. *1050 Insofar as the court attempts to dissolve or modify the marital status of the parties, it is only necessary for the court to have jurisdiction in rem, that is, jurisdiction over the marital status itself, whereas personal jurisdiction over the defendant is a prerequisite to an adjudication regarding the defendant’s obligation to make alimony or support payments (Baylies v. Baylies, 196 App. Div. 677; Mathews v. Mathews, 247 N. Y. 32). In order for this court to have jurisdiction in rem to grant the divorce decree it was only necessary that one of the parties to the action be a domiciliary of the State.
The remaining question is whether this court had personal jurisdiction over the defendant so that it could have effectively adjudicated regarding his duty or obligation to support his wife and child.
The following findings were made by Honorable Clinton T. Horton in the divorce action:
“ Fourth: That the defendant obtained a decree of divorce in his favor against the plaintiff herein in Benton County, State of Arkansas on or about September 22nd, 1949, said decree being based upon a three months residence as required by the statutes of the State of Arkansas.
‘ ‘ Firth : That the defendant herein was a resident of and employed in the State of New York at all times prior to October 7th, 1949, including the period he was alleged to have been a resident of the State of Arkansas, upon which the above mentioned decree is based.
‘ ‘ Sixth : That the plaintiff herein was not personally served with a summons and complaint in the action for divorce instituted by the defendant herein in the State of Arkansas.
‘ ‘ Seventh : That subsequent to said Arkansas decree of divorce, and on October 1st, 1949 the defendant herein married one Helen Stocki in the City of Buffalo, New York.”
Therefore the defendant was a domiciliary of the State of New York and this court had personal jurisdiction over him. No appeal was taken from the judgment based on these findings and the defendant is bound by them.
The judgment may be amended by increasing the payment for the support of the child of the marriage to $15 per week and providing that alimony in the amount of $15 per week be paid the plaintiff.