Yin cent A. Lupiano, J.
Motion “ striking that portion of the complaint requesting alimony and counsel fees and setting aside and dismissing the order fixing alimony pendente lite entered on the 2nd day of May, 1960, on the ground that the court does not have in personam jurisdiction to enter an order for alimony and counsel fees ”.
Plaintiff wife instituted an action against defendant for a separation. It is undisputed that defendant is a domiciliary of the State of New Jersey, and has been for the past 10 years. In December, 1959 he was personally served in New Jersey with the summons and verified complaint and with an order to show cause relating to a motion for temporary alimony and a counsel fee. Defendant did not appear and temporary alimony and a counsel fee for plaintiff were fixed, on default, by the aforesaid order of May 2, 1960. He now appears solely for the purpose of contesting in personam jurisdiction of this court and the validity of the order fixing the payment of temporary alimony and a counsel fee. Despite plaintiff’s contention to the contrary, it is clear that defendant has appeared herein specially only and has not made a general appearance by merely requesting the vacatur of the order for temporary alimony and counsel fee.
It is well settled that a defendant, never having legally waived his objection to jurisdiction over his person and never having otherwise submitted himself personally to the jurisdiction of the court, does not lose his right to such objection merely by failing to contest such jurisdiction prior to the entry of a judgment by default against him (Muslusky v. Lehigh Val. Coal Co., 225 N. Y. 584, 587 ; Powell v. Home Seeker Realty Co., 131 Misc. 590, 592). While the court, in the instant circumstances, had in rem jurisdiction of the action and could properly render a judgment separating the parties, it could not, however, award alimony, temporary or permanent, or render a money judgment *691 against the defendant since the defendant never appeared in the action generally, never otherwise submitted his person to the jurisdiction of the court, or had any of his property in this State been legally seized or sequestered (Reschofsky v. Reschofsky, 272 App. Div. 694). The service gave the court jurisdiction over the subject matter of the action (Civ. Prac. Act, § 235: May v. May, 233 App. Div. 519), but it could not, and did not, give the court in personam jurisdiction of the defendant. The court, which entered the order awarding temporary alimony and a counsel fee, not having jurisdiction over defendant’s person, did not have the authority to make such directions. Therefore, defendant’s motion must be granted. The order of May 2, I960., heretofore entered, is declared a nullity, set aside and vacated. That portion of the complaint and prayer for relief which requests alimony and a counsel fee is stricken (see Lansdale v. Lansdale, 1 A D 2d 374).